## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| PARKERVISION, INC.,<br>      Plaintiff,<br><br> vs.<br><br>INTEL CORPORATION,<br>      Defendant. | Civil Action No.   6:20-cv-00108-ADA<br><br>**JURY TRIAL DEMANDED** |

## ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ParkerVision, Inc.'s ("ParkerVision") patent infringement claims against Defendant Intel Corporation ("Intel") have no merit and Intel's products do not use ParkerVision's purported inventions in the patents asserted in this case, as evidenced by findings by courts in Germany that the same accused chips in this case do not infringe ParkerVision's closely related European Patent No. 1 135 853 (the "EP '853 patent"), and that the EP '853 patent is invalid.  *See* Munich Regional Court, Apr. 25, 2019, 7 O 2141/17, Final Judgment (trans.) (Ger.) at 19; Bundespatentgericht [BPatG] [Federal Patent Court], Dec. 16, 2019, 5 Ni 19/17 (EP), Decision on Costs and Determination of the Value in Dispute (trans.) (Ger.) at 10, 15.

Accordingly, and as alleged herein, Intel hereby answers ParkerVision's First Amended Complaint for Patent Infringement (D.I. 14) as follows.

## NATURE OF THE ACTION[1]

1. This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that it has infringed any asserted patent, directly or indirectly.  Intel denies any remaining allegations in this paragraph.

---

[1] For ease of reference, Intel uses the headings used in ParkerVision's First Amended Complaint.  In so doing, Intel does not admit any of the allegations contained in those headings.

## PARTIES

2.      Intel lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2, and therefore denies the same.

3.      Intel admits that it is a corporation organized and existing under the laws of Delaware with a place of business at 2200 Mission College Boulevard, Santa Clara, California 95054.

4.      Intel admits that it has facilities at 1300 S. Mopac Expressway, Austin, Texas 78746; 6500 River Place Blvd, Bldg. 7, Austin, Texas 78730; and 5113 Southwest Parkway, Austin, Texas 78735.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

5.      Intel admits that it has a Texas registered agent located at CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

6.      Intel admits that since 1989, it has been registered to do business in the State of Texas under Texas Taxpayer Number 19416727436.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

## JURISDICTION AND VENUE

7.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel admits that this Court has subject matter jurisdiction over ParkerVision's allegations of patent infringement.   Intel denies any remaining allegations in this paragraph.

8.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel admits that Intel Corporation is a named party in this action and that it has a place of business in this District, specifically, 1300 S. Mopac Expressway, Austin, Texas 78746.  Intel specifically denies that it has committed acts of

infringement in this District or anywhere else.  Intel further denies that venue is convenient in this District, and denies that venue will be proper or convenient in this District for all matters where Intel is a named party; given the extent of Intel's operations in other states, transfer out of this District and/or Division will presumably be appropriate in other cases and nothing herein should be read as a waiver of Intel's right to request transfer out of this Division and/or District in future cases as may be appropriate.  Except as so expressly admitted, Intel denies the remaining allegations in this paragraph.

9.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel admits that it has recruited and employs some Texas residents.  Intel denies any remaining allegations in this paragraph.

10.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel admits that it conducts business within this judicial district; that it has facilities in this judicial district; that it receives income from its operations in this judicial district; and that it employs Texas residents within this judicial district.  Intel denies any remaining allegations in this paragraph.

11.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

12.      Intel denies that it has infringed any asserted patent, directly or indirectly. Moreover, this paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

13.      This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

14.     Intel admits that it has facilities in Austin and that it has employees at those facilities but none of those employees have any material connection to this case.   The remaining statements in this paragraph are legal conclusions to which no response is required. To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

15.     Intel admits that its website describes its operations in Austin as follows: "Located in the capitol city of Texas, Intel Austin is an important research and development center for the Intel technology that is changing the way we live, work, and play.  Among the innovations developed in Austin are core technologies for next-generation microprocessors, platforms and base software; groundbreaking silicon solutions for computing and communications devices, which includes handheld computing and cellular communications; and cutting-edge network storage products."  To the extent a further response is required, Intel denies any remaining allegations in this paragraph.

16.     Intel admits that the third-party website cited in paragraph 16 of the First Amended Complaint purports to list H-1B labor condition applications for "Employer Name" "Intel Corporation" at "Worksite City" "Austin, TX."  Intel lacks knowledge and information sufficient to form a belief as to the truth of the statements on the cited third-party website at this time, and therefore denies the same.  The remaining statements in this paragraph are legal conclusions to which no response is required. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

17.     Intel admits that its website lists job openings for positions in Austin, Texas. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

18.     Intel admits that it is a party to *Flash-Control, LLC v. Intel Corp.*, Case No. 1:19-cv-01107 (W.D. Tex.) and *VLSI Tech. LLC v. Intel Corp.*, Case No. 1:19-cv-00977

(W.D. Tex.).  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

## BACKGROUND

19.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

20.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

21.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

22.     Intel denies the allegations of paragraph 22, including, without limitation, the assertion that ParkerVision allegedly "developed an innovative method of RF direct conversion by a process of sampling a RF carrier signal and transferring energy to create a down-converted baseband signal."  Intel lacks knowledge or information sufficient to respond to ParkerVision's assertions regarding the time frame in which ParkerVision was allegedly working on this technology, and therefore denies such allegations on that basis.  Intel denies any remaining allegations in this paragraph.

23.     Intel lacks knowledge or information sufficient to respond to ParkerVision's assertions regarding the creation of prototype chips or conduction of tests, and therefore denies such allegations on that basis.  Intel denies that ParkerVision's "technology led to improved RF receiver performance, lower power consumption, reduced size and integration benefits" and further denies that ParkerVision's technology allowed "RF transceivers [to] be built smaller, cheaper and with greater improved performance."  Intel denies any remaining allegations in this paragraph.

24.     Intel denies that ParkerVision's technology represented "innovation[]" and further denies that ParkerVision developed technologies novel or useful in the areas of

"additional RF down-conversion technologies, RF up-conversion technologies and other related direct-conversion technologies," or "complementary wireless communications technologies that involved interactions, processes, and controls between the baseband processor and the transceiver."  Intel denies that ParkerVision's technology "improved" or "enhanced the operation of transceivers that incorporate ParkerVision's down-converter and up-converter technologies." Intel lacks knowledge or information sufficient to respond to ParkerVision's assertions regarding the size of its patent portfolio, and therefore denies such allegations on that basis.  Intel denies any remaining allegations in this paragraph.

25.     Intel denies that ParkerVision's technology constituted "innovations." Qualcomm is not a party to this lawsuit, and Intel denies that Qualcomm's alleged conduct has any bearing on this litigation.  Intel denies any remaining allegations in this paragraph.

26.     Intel denies that ParkerVision's "technology" is "significant," "revolutionary," "critical," a "holy grail," or that it offered performance benefits, as evidenced by ParkerVision's history of failed claims of patent infringement.  For example, the Federal Patent Court in Germany rejected ParkerVision's contention that it invented a "fundamentally different approach to energy transmission down-conversion," and instead found that ParkerVision's EP '853 patent would have been found invalid, had it not already expired. *See* Bundespatentgericht [BPatG] [Federal Patent Court], 5 Ni 19/17 (EP), Decision on Costs and Determination of the Value in Dispute (Ger.) (trans.) at 10, 15, Dec. 16, 2019.  Intel also denies the remaining characterizations of ParkerVision's technology in this paragraph.  These purported statements by individuals at Qualcomm are not relevant to this litigation and do not support ParkerVision's allegations of infringement here, particularly in light of ParkerVision's losses on its claims of patent infringement against Qualcomm in the Middle District of Florida and at the Federal Circuit. *See Parkervision, Inc. v. Qualcomm Inc.*, 27 F.

Supp. 3d 1266, 1269 (M.D. Fla. 2014), *aff'd in part, rev'd in part*, 621 F. App'x. 1009 (Fed. Cir. 2015).  Intel denies any remaining allegations in this paragraph.

27.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

28.     Intel denies that ParkerVision's purported technology addressed "a critical need for smaller, more efficient receivers capable of supporting multiple frequency bands," and denies any remaining allegations in this paragraph.

29.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

30.     Intel denies that it uses or has ever used ParkerVision's technology.  Intel further denies that ParkerVision has been damaged by Intel's conduct.  Intel lacks knowledge or information sufficient to respond to ParkerVision's remaining allegations in this paragraph, and therefore denies such remaining allegations on that basis.

31.     Denied.

## INTEL CHIPS

32.     Intel admits that Intel and/or its affiliates have manufactured and sold RF transceiver chips and/or modems, including the Intel PMB 5750, PMB 5757 and PMB 5762 (collectively, the "RF Transceiver Chips"), outside the United States in Asia, and that those same chips may be incorporated by third parties into smartphones.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

33.     Intel admits that its RF Transceiver Chips have been incorporated by third parties into devices such as Apple iPhones.  Intel further admits that its RF Transceiver Chips offer, among other things, the ability to connect to a cellular network.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

34.     Intel admits that the PMB 5750 has been incorporated by third parties into the Apple iPhone 7 and 7 Plus.  Intel admits that the PMB 5757 has been incorporated by third parties into the Apple iPhone 8, 8 Plus, and X.  Intel admits that the PMB 5762 has been incorporated by third parties into the Apple iPhone XR, XS, and XS Max.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

35.     Intel states that Apple acquired assets related to Intel's RF Transceiver Chips in December 2019.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

## THE ASSERTED PATENTS

### United States Patent No. 6,049,706

36.     No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of U.S. Patent No. 6,049,706 (the "'706 patent") in this case.  D.I. 20.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

37.     No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of the '706 patent in this case.  D.I. 20.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

38.     No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of the '706 patent in this case.  D.I. 20.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

## United States Patent No. 6,266,518

39.     Intel admits that U.S. Patent No. 6,266,518 (the "'518 patent") is entitled "Method and System for Down-Converting Electromagnetic Signals by Sampling and Integrating Over Apertures" and was issued on July 24, 2001 but denies that it is a valid or duly and legally issued patent.  Intel admits that Exhibit 2 purports to be a copy of the '518 patent.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations

40.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that the '518 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

41.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

## United States Patent No. 6,580,902

42.     Intel admits that U.S. Patent No. 6,580,902 (the "'902 patent") is entitled "Frequency Translation Using Optimized Switch Structures" and was issued on June 17, 2003, but denies that it is a valid or duly and legally issued patent.  Intel admits that Exhibit 3 purports to be a copy of the '902 patent.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

43.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that the '902 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

44.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

## United States Patent No. 7,110,444

45.     Intel admits that U.S. Patent No. 7,110,444 (the "'444 patent") is entitled "Wireless Local Area Network (WLAN) Using Universal Frequency Translation Technology

Including Multi-Phase Embodiments and Circuit Implementations" and was issued on September 19, 2006, but denies that it is a valid or duly and legally issued patent. Intel admits that Exhibit 4 purports to be a copy of the '444 patent. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

46.    This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Intel denies that the '444 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

47.    Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

### United States Patent No. 7,539,474

48.    Intel admits that U.S. Patent No. 7,539,474 (the "'474 patent") is entitled "DC Offset, Re-Radiation, and I/Q Solutions Using Universal Frequency Translation Technology" and was issued on May 26, 2009, but denies that it is a valid or duly and legally issued patent. Intel admits that Exhibit 5 purports to be a copy of the '474 patent. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

49.    This paragraph states legal conclusions to which no response is required. To the extent a further response is required, Intel denies that the '474 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

50.    Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

### United States Patent No. 8,588,725

51.    Intel admits that U.S. Patent No. 8,588,725 (the "'725 patent") is entitled "Apparatus, System, and Method for Down Converting and Up-Converting Electromagnetic Signals" and was issued on November 19, 2013, but denies that it is a valid or duly and legally issued patent. Intel admits that Exhibit 6 purports to be a copy of the '725 patent. To

the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

52.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that the '725 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

53.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

**United States Patent No. 8,660,513**

54.     Intel admits that U.S. Patent No. 8,660,513 (the "'513 patent") is entitled "Method and System for Down-Converting an Electromagnetic Signal, and Transforms for Same, and Aperture Relationships" and was issued on February 25, 2014, but denies that it is a valid or duly and legally issued patent.  Intel admits that Exhibit 7 purports to be a copy of the '513 patent.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

55.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that the '513 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

56.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

**United States Patent No. 9,118,528**

57.     Intel admits that U.S. Patent No. 9,118,528 (the "'528 patent") is entitled "Method and System for Down-Converting an Electromagnetic Signal, and Transforms for Same, and Aperture Relationships" and was issued on August 25, 2015, but denies that it is a valid or or duly and legally issued patent.  Intel admits that Exhibit 8 purports to be a copy of

the '528 patent.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

58.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that the '528 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

59.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

**United States Patent No. 9,246,736**

60.     Intel admits that U.S. Patent No. 9,246,736 (the "'736 patent") is entitled "Method and System for Down-Converting an Electromagnetic Signal" and was issued on January 26, 2016, but denies that it is a valid or duly and legally issued patent.  Intel admits that Exhibit 9 purports to be a copy of the '736 patent.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

61.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that the '736 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

62.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

**United States Patent No. 9,444,673**

63.     Intel admits that U.S. Patent No. 9,444,673 (the "'673 patent") is entitled "Methods and Systems for Down-Converting a Signal Using a Complementary Transistor Structure" and was issued on September 13, 2016, but denies that it is a valid or duly and legally issued patent.  Intel admits that Exhibit 10 purports to be a copy of the '673 patent. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

64.     This paragraph states legal conclusions to which no response is required.  To the extent a further response is required, Intel denies that the '673 patent is valid and enforceable, and further denies all remaining allegations in this paragraph.

65.     Intel lacks knowledge or information sufficient to respond to ParkerVision's allegations in this paragraph, and therefore denies such allegations on that basis.

## CLAIMS FOR RELIEF

## COUNT I – Alleged Infringement of United States Patent No. 6,049,706

66.     No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of the '706 patent in this case.  D.I. 20.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

67.     No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of the '706 patent in this case.  D.I. 20.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

68.     No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of the '706 patent in this case.  D.I. 20.  To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

69.     No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of the '706 patent in this case.  D.I. 20.  To the

extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

70. No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of the '706 patent in this case. D.I. 20. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

71. No response to the allegations in this paragraph is required because ParkerVision voluntarily dismissed Count I of its First Amended Complaint, and thereby dismissed its allegations of infringement of the '706 patent in this case. D.I. 20. To the extent any other response to the allegations in this paragraph is required, Intel denies such allegations.

### COUNT II – Alleged Infringement of United States Patent No. 6,266,518

72. Intel repeats and incorporates its Answers to paragraphs 1 to 71 as though fully set forth herein.

73. Intel denies each and every allegation in paragraph 73.

74. Intel denies each and every allegation in paragraph 74.

75. This paragraph, which merely parrots language directly from the claims and specification of the '518 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '518 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

76. This paragraph, which merely parrots language directly from the claims and specification of the '518 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it

infringes any valid and enforceable claim of the '518 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

77.     This paragraph, which merely parrots language directly from the claims and specification of the '518 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '518 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

78.     This paragraph, which merely parrots language directly from the claims and specification of the '518 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '518 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

79.     Intel denies each and every allegation in paragraph 79.

**COUNT III – Alleged Infringement of United States Patent No. 6,580,902**

80.     Intel repeats and incorporates its Answers to paragraphs 1 to 79 as though fully set forth herein.

81.     Intel denies each and every allegation in paragraph 81.

82.     Intel denies each and every allegation in paragraph 82.

83.     This paragraph, which merely parrots language directly from the claims and specification of the '902 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '902 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

84.     This paragraph, which merely parrots language directly from the claims and specification of the '902 patent and makes no effort to address the actual functioning of

Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '902 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

85.    This paragraph, which merely parrots language directly from the claims and specification of the '902 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '902 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

86.    This paragraph, which merely parrots language directly from the claims and specification of the '902 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '902 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

87.    Intel denies each and every allegation in paragraph 87.

**COUNT IV – Alleged Infringement of United States Patent No. 7,110,444**

88.    Intel repeats and incorporates its Answers to paragraphs 1 to 87 as though fully set forth herein.

89.    Intel denies each and every allegation in paragraph 89.

90.    Intel denies each and every allegation in paragraph 90.

91.    This paragraph, which merely parrots language directly from the claims and specification of the '444 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '444 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

92.     This paragraph, which merely parrots language directly from the claims and specification of the '444 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '444 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

93.     Intel denies each and every allegation in paragraph 93.

**COUNT V – Alleged Infringement of United States Patent No. 7,539,474**

94.     Intel repeats and incorporates its Answers to paragraphs 1 to 93 as though fully set forth herein.

95.     Intel denies each and every allegation in paragraph 95.

96.     Intel denies each and every allegation in paragraph 96.

97.     This paragraph, which merely parrots language directly from the claims and specification of the '474 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '474 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

98.     This paragraph, which merely parrots language directly from the claims and specification of the '474 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '474 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

99.     This paragraph, which merely parrots language directly from the claims and specification of the '474 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it

infringes any valid and enforceable claim of the '474 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

100.    Intel denies each and every allegation in paragraph 100.

**COUNT VI – Alleged Infringement of United States Patent No. 8,588,725**

101.    Intel repeats and incorporates its Answers to paragraphs 1 to 100 as though fully set forth herein.

102.    Intel denies each and every allegation in paragraph 102.

103.    Intel denies each and every allegation in paragraph 103.

104.    This paragraph, which merely parrots language directly from the claims and specification of the '725 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '725 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

105.    This paragraph, which merely parrots language directly from the claims and specification of the '725 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '725 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

106.    Intel denies each and every allegation in paragraph 106.

**COUNT VII – Alleged Infringement of United States Patent No. 8,660,513**

107.    Intel repeats and incorporates its Answers to paragraphs 1 to 106 as though fully set forth herein.

108.    Intel denies each and every allegation in paragraph 108.

109.    Intel denies each and every allegation in paragraph 109.

110.    This paragraph, which merely parrots language directly from the claims and specification of the '513 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '513 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

111.    This paragraph, which merely parrots language directly from the claims and specification of the '513 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '513 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

112.    This paragraph, which merely parrots language directly from the claims and specification of the '513 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '513 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

113.    This paragraph, which merely parrots language directly from the claims and specification of the '513 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '513 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

114.    This paragraph, which merely parrots language directly from the claims and specification of the '513 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '513 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

115. This paragraph, which merely parrots language directly from the claims and specification of the '513 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '513 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

116. Intel denies each and every allegation in paragraph 116.

## COUNT VIII – Alleged Infringement of United States Patent No. 9,118,528

117. Intel repeats and incorporates its Answers to paragraphs 1 to 116 as though fully set forth herein.

118. Intel denies each and every allegation in paragraph 118.

119. Intel denies each and every allegation in paragraph 119.

120. This paragraph, which merely parrots language directly from the claims and specification of the '528 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '528 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

121. This paragraph, which merely parrots language directly from the claims and specification of the '528 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '528 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

122. This paragraph, which merely parrots language directly from the claims and specification of the '528 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it

infringes any valid and enforceable claim of the '528 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

123.    This paragraph, which merely parrots language directly from the claims and specification of the '528 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '528 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

124.    This paragraph, which merely parrots language directly from the claims and specification of the '528 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '528 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

125.    This paragraph, which merely parrots language directly from the claims and specification of the '528 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '528 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

126.    Intel denies each and every allegation in paragraph 126.

## COUNT IX – Alleged Infringement of United States Patent No. 9,246,736

127.    Intel repeats and incorporates its Answers to paragraphs 1 to 126 as though fully set forth herein.

128.    Intel denies each and every allegation in paragraph 128.

129.    Intel denies each and every allegation in paragraph 129.

130.    This paragraph, which merely parrots language directly from the claims and specification of the '736 patent and makes no effort to address the actual functioning of

Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '736 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

131.   This paragraph, which merely parrots language directly from the claims and specification of the '736 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '736 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

132.   This paragraph, which merely parrots language directly from the claims and specification of the '736 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '736 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

133.   This paragraph, which merely parrots language directly from the claims and specification of the '736 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '736 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

134.   This paragraph, which merely parrots language directly from the claims and specification of the '736 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '736 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

135.   This paragraph, which merely parrots language directly from the claims and specification of the '736 patent and makes no effort to address the actual functioning of

Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '736 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

136.    This paragraph, which merely parrots language directly from the claims and specification of the '736 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '736 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

137.    This paragraph, which merely parrots language directly from the claims and specification of the '736 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '736 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

138.    Intel denies each and every allegation in paragraph 138.

## COUNT X – Alleged Infringement of United States Patent No. 9,444,673

139.    Intel repeats and incorporates its Answers to paragraphs 1 to 138 as though fully set forth herein.

140.    Intel denies each and every allegation in paragraph 140.

141.    Intel denies each and every allegation in paragraph 141.

142.    This paragraph, which merely parrots language directly from the claims and specification of the '673 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required. Intel denies that it infringes any valid and enforceable claim of the '673 patent. To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

143.    This paragraph, which merely parrots language directly from the claims and specification of the '673 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '673 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

144.    This paragraph, which merely parrots language directly from the claims and specification of the '673 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '673 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

145.    This paragraph, which merely parrots language directly from the claims and specification of the '673 patent and makes no effort to address the actual functioning of Intel's products, states legal conclusions to which no response is required.  Intel denies that it infringes any valid and enforceable claim of the '673 patent.  To the extent a further response is required to any allegations in this paragraph, Intel denies such allegations.

146.    Intel denies each and every allegation in paragraph 146.

## JURY DEMANDED

Intel demands a trial by jury on all issues so triable.

## RESPONSE TO PRAYER FOR RELIEF

Intel denies that it has infringed any asserted patent, directly or indirectly.  Intel denies that ParkerVision is entitled to any of the grounds for relief enumerated in the First Amended Complaint or any other relief, and respectfully requests that the Court enter judgment against ParkerVision on each of ParkerVision's claims.  To the extent the Prayer for Relief includes any factual allegations, Intel denies those allegations.

## AFFIRMATIVE AND OTHER DEFENSES

WHEREFORE, having answered ParkerVision's First Amended Complaint, Intel asserts the following defenses set forth below.  By pleading these defenses, Intel does not concede that it has the burden of proof as to any of them.

Intel reserves the right to allege additional affirmative defenses that become known through the course of discovery.

### FIRST DEFENSE: FAILURE TO STATE A CLAIM

147.    The First Amended Complaint, and each purported claim for relief asserted therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE: NON-INFRINGEMENT

148.    Intel does not make, use, test, sell, offer for sale, or import into the United States, and has not made, used, tested, sold, offered for sale or imported into the United States, any products or methods that infringe any valid and enforceable claim of the '518, '902, '444, '474, '725, '513, '528, '736, and '673 patents, either directly or indirectly, literally or through the doctrine of equivalents, or otherwise.

### THIRD DEFENSE: INVALIDITY

149.    One or more claims of the '518, '902, '444, '474, '725, '513, '528, '736, and '673 patents are invalid for failure to meet the conditions of patentability and/or otherwise comply with one or more provisions of 35 U.S.C. §§ 101, 102, 103, 112, and/or 116.

### FOURTH DEFENSE: UNENFORCEABILITY

150.    The '518, '902, '444, '474, '725, '513, '528, '736, and '673 patents, and the claims therein, are unenforceable against Intel.

### FIFTH DEFENSE: EQUITABLE ESTOPPEL, WAIVER, ACQUIESCENCE, UNCLEAN HANDS

151.    ParkerVision's claims for relief are barred, in whole or in part, under principles of equity, including but not limited to estoppel, waiver, acquiescence, and/or unclean hands.  For example, ParkerVision has engaged in serial litigation in which it has unsuccessfully asserted these and related patents against multiple parties, including against Intel's SMARTi chip products that ParkerVision has also accused of infringement in this case.  In Germany, courts have found the accused Intel chips at issue here to have not infringed the EP '853 patent, which is a closely related patent to the patents asserted in this litigation, and also determined that the EP '853 patent would likely have been found invalid. *See* Munich Regional Court, 7 O 241/17, Final Judgement (trans.) (Ger.) at 19, Apr. 25, 2019; *see also* Bundespatentgericht [BPatG] [Federal Patent Court], 5 Ni 19/17 (EP), Decision on Costs and Determination of the Value in Dispute (Ger.) (trans.) at 10, 15, Dec. 16, 2019.  In light of ParkerVision's serial and unsuccessful patent litigation campaign, ParkerVision's claims should therefore be barred, in whole or in part, under the principles of equity, including the doctrine of unclean hands.

152.    As a further example, in 2011, MaxTak Capital Advisors, LLC, MaxTak Partners LP, and David Greenbaum sued ParkerVision for fraud, alleging that ParkerVision "made numerous public statements omitting material facts and deliberately misrepresenting: (a) d2p's [i.e., ParkerVision's "direct-to-power" technology] effectiveness and value; (b) the interest expressed by OEMs and other manufacturers in developing and commercializing products integrating d2p technology; (c) ParkerVision's financial results; and (d) the Company's prospects for developing profitable sales of its d2p technology."  *See MaxTak Capital Advisors, et al. v. ParkerVision, Inc.*, *et al.*, Case No. 2:11-cv-07549, D.I. 1 ¶ 33 (D.N.J. Dec. 28, 2011).  On information and belief, the ParkerVision d2p technology at issue in *MaxTak* relates to the same RF technology that ParkerVision claims to have invented in its Complaint and First Amended Complaint in this case.  *See, e.g.*, D.I. 1 ¶¶ 20-31 (Complaint);

D.I. 14 ¶¶ 20-31 (First Amended Complaint).  On information and belief, ParkerVision has likewise misrepresented its RF technology in its Complaint and First Amended Complaint in this case, and ParkerVision's claims should therefore be barred, in whole or in part, under the principles of equity, including the doctrine of unclean hands.

### SIXTH DEFENSE: PROSECUTION HISTORY ESTOPPEL AND DISCLAIMER

153.    ParkerVision is estopped, based on statements, representations, and admissions made during prosecution of the patent applications that led to the '518, '902, '444, '474, '725, '513, '528, '736, and '673 patents from asserting that the claims of the aforementioned patents are infringed by Intel or Intel's products, services, including the doctrine of equivalents.

### SEVENTH DEFENSE: LIMITATION ON DAMAGES

154.    ParkerVision's claims for monetary damages are limited by the statute of limitations and/or limited to acts of infringement occurring within six years of the date of initiating this suit under 35 U.S.C. § 286.

### EIGHTH DEFENSE: FAILURE TO MARK

155.    To the extent ParkerVision, its predecessors, or licensees of any asserted patent failed to comply with the marking requirements set forth in 35 U.S.C. § 287, the relief sought by ParkerVision is barred, in whole or in part.

Dated:  June 26, 2020

Respectfully submitted,

By:   */s/ J. Stephen Ravel*

J. Stephen Ravel
Texas State Bar No. 16584975
KELLY HART & HALLMAN LLP
303 Colorado Street, Suite 2000
Austin, TX 78701
Telephone:  (512) 495-6429
Facsimile:  (512) 495-6401
steve.ravel@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
Telephone:  (254) 710-7670
james.wren@baylor.edu

Michael J. Summersgill (*pro hac vice*)
Massachusetts State Bar No. 632816
Sarah B. Petty (*pro hac vice*)
Massachusetts State Bar No. 666485
WILMER CUTLER PICKERING
   HALE & DORR LLP
60 State Street
Boston, MA 02109
Telephone:  (617) 526-6000
Facsimile:  (617) 526-5000
michael.summersgill@wilmerhale.com
sarah.petty@wilmerhale.com

Jason Choy (*pro hac vice*)
California State Bar No. 277583
WILMER CUTLER PICKERING
   HALE & DORR LLP
350 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Telephone:  (213) 443-5300
Facsimile:  (213) 443-5400
jason.choy@wilmerhale.com

## CERTIFICATE OF SERVICE

The undersigned certifies that on June 26, 2020 all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(b)(1).

*/s/ J. Stephen Ravel*
J. Stephen Ravel