**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

PARKERVISION, INC.,
Plaintiff,

vs.

INTEL CORPORATION,
Defendant.

Civil Action No. 6:20-cv-00108-ADA

**JURY TRIAL DEMANDED**

**PROTECTIVE ORDER**

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is hereby **ORDERED THAT**:

**A. Definitions**

1. "Party": any party to this action, including all of its officers, directors, employees, consultants, retained experts and consultants, and outside counsel (and their support staff).

2. "Material": all information, documents, items and things produced, served or otherwise provided in this action (whether paper, electronic, tangible or otherwise) by the Parties or by non-parties.

3. "Producing Party": a Party or non-party that produces Material in this action.

4. "Receiving Party": a Party that receives Material from a Producing Party.

5. "Designating Party": a Party or non-party that designates Material as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY" or "OUTSIDE COUNSEL RESTRICTED – SOURCE CODE."

6. "Schematics": RTL, HDL, source code, schematics, layout files, microcode, process flows or recipes, and similarly sensitive design information.

7. "CONFIDENTIAL Material": Material that the Designating Party believes in good faith is not generally known to others and that it (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. Copies, abstracts, compilations, summaries, and extracts of Materials designated as CONFIDENTIAL will also be treated as CONFIDENTIAL Material.

8. "ATTORNEYS' EYES ONLY Material": Material that the Designating Party believes in good faith is not generally known to others and has significant competitive value such that unrestricted disclosure to others would create a substantial risk of serious injury and that the Designating Party (i) would not normally reveal to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) believes in good faith is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy. The designation is reserved for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Designating Party maintains as highly confidential in its business, including but not limited to information relating to future products, strategic plans, non-public financial data, documents that would reveal trade secrets, licensing documents or licensing communications, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the Designating Party. This designation also includes Material obtained from a non-party pursuant to a Nondisclosure Agreement ("NDA"), unless the non-party permits a different designation in writing. Copies, abstracts, compilations, summaries, and extracts of Materials designated as ATTORNEYS' EYES ONLY will also be treated as ATTORNEYS' EYES ONLY Material.

9. "OUTSIDE COUNSEL RESTRICTED – SCHEMATICS Material": Schematics and copies, abstracts, compilations, summaries, and extracts of Schematics.

10. "Designated Material": Material that is designated "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED –SCHEMATICS" and all copies, abstracts, compilations, summaries, and extracts of such Material.

11. "Export Controlled Information" means all Schematics and any other Designated Material identified by a Designating Party as being subject to federal export control regulations, including the Export Administration Regulations ("EAR"), 15 C.F.R. §§ 730, et seq.

12. "Counsel of Record": (i) outside counsel who appear on the pleadings as counsel for a Party, and (ii) licensed partners, counsel, and associates of such outside counsel to whom it is reasonably necessary to disclose the information for this litigation and administrative personnel employed by the outside counsel, such as paralegals, legal translators, legal secretaries, legal clerks, and shorthand reporters. "Counsel of Record" does not include (i) a person who is an employee, director, or officer of a Party or a Party's affiliates even if that person appears on the

pleadings as counsel for a Party or (ii) a person employed by the attorneys who gives technical, scientific or financial advice relating to the substantive issues in this action unless that person is a licensed attorney or patent agent.

13. "Litigation Manager": an attorney in a Party's legal department or intellectual property division whose responsibilities include overseeing this litigation. Each party may designate a maximum of three Litigation Managers. A Litigation Manager must be limited to an attorney (1) who has no involvement in competitive decision-making, (2) to whom disclosure is reasonably necessary for this litigation, (3) who has signed the "Litigation Manager Acknowledgement and Agreement to be Bound by Protective Order" attached as Exhibit C, and (4) as to whom the producing Party has not objected after receiving notice pursuant to Section E. A Litigation Manager is prohibited from engaging in competitive decision-making activities for the duration of the Litigation and any period of time up to and including one year following the final termination of this action (including any appeals), such as but not limited to: (i) the review of, participation in, or approval of pricing, sales, or marketing programs, (ii) the filing or prosecution of patent or trademark applications. Nothing in the foregoing shall prohibit a Litigation Manager from participating in negotiations to settle or resolve this action or other patent litigation involving ParkerVision and Intel. A Party may replace a designated Litigation Manager with a new Litigation Manager by serving the appropriate undertakings described in paragraph 18(b). The replaced Litigation Manager must then return all Designated Materials in his or her possession to the Party's Outside Counsel and will no longer have the rights of a Litigation Manager.

14. "Outside Consultant": a person with specialized knowledge or experience in a matter pertinent to the action who is retained by a Party or retained or employed by its Counsel of Record to serve as an expert witness or as a consultant in this action and who is not a current or anticipated: (i) officer, director, or employee of a Party or of a Party's competitor, or (ii) consultant involved in product and/or process design or development for a Party or for a Party's competitor.

15. "Professional Vendors": persons or entities unaffiliated with a Party or a competitor of a Party that provide litigation support services (e.g., photocopying, videotaping, translating, preparing transcripts, exhibits, or demonstrations, organizing or processing data) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this action and mock jurors retained by such a consultant to assist them in their work. Professional Vendors do not include consultants who fall within the definition of Outside Consultant.

16. "Relevant Technology": For purposes of the Prosecution Bar and Exhibit B ("CERTIFICATION OF OUTSIDE CONSULTANT REGARDING PROTECTIVE ORDER") below, Radio Frequency transceivers.

## B. Scope

17. Compliance with Applicable Rules Governing Confidentiality and Filing Under Seal. This Order does not confer blanket protections on all disclosures or responses to discovery, and the protection it affords from public disclosure and use extends only to the limited information

or items that are entitled to confidential treatment under applicable legal principles. Nor does this Order entitle the parties to file confidential information under seal; the Parties must follow the applicable rules, procedures, and standards when seeking permission to file material under seal.

**C. Access to Designated Material**

18. Access to CONFIDENTIAL Material. Only the following persons are permitted to have access to CONFIDENTIAL Material:

(a) employees of the Receiving Party to whom disclosure is reasonably necessary for the management, supervision, or oversight of this litigation and who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A, so long as such employees are not involved in competitive decision-making activities, including those listed in paragraph 13, above;

(b) Litigation Managers to whom disclosure is reasonably necessary for this litigation and who have signed the "Litigation Manager Acknowledgement and Agreement to Be Bound by Protective Order" attached as Exhibit C;

(c) persons who appear on the face of Designated Material as an author, addressee or recipient thereof;

(d) Counsel of Record;

(e) Outside Consultants, subject to the procedures set forth in Section D;

(f) the Court and its personnel;

(g) court reporters;

(h) a mediator assigned to hear this matter, and his or her staff, who have signed the "Agreement to Be Bound by Protective Order" attached as Exhibit A and the "Certification of Consultant" attached as Exhibit B; and

(i) Professional Vendors to which disclosure is reasonably necessary for this litigation and a representative of which has signed the "Agreement To Be Bound By Protective Order" attached as Exhibit A.

19. Access to ATTORNEYS' EYES ONLY Material. Only the persons identified in Paragraph 18(b)-(i) are permitted to have access to ATTORNEYS' EYES ONLY Material.

20. Access to OUTSIDE COUNSEL RESTRICTED – SCHEMATICS Material. Only the persons identified in Paragraph 18(d)-(g) are permitted to have access to OUTSIDE COUNSEL RESTRICTED – SCHEMATICS Material. Absent consent of the Producing Party (which will not be unreasonably withheld), no more than Five Counsel of Record and Three Outside Consultants for a Receiving Party are permitted to have access to OUTSIDE COUNSEL RESTRICTED – SCHEMATICS Material.

21. Acknowledgements to be Bound. Each person to whom Designated Material may be disclosed, and who is required to sign the "Agreement to Be Bound by Protective Order," the "Certification of Consultant," and/or the "Litigation Manager Acknowledgement and Agreement to Be Bound by Protective Order" must do so prior to reviewing Designated Material. Counsel of Record for the Receiving Party must retain each original executed document and, on written request, must provide copies to Counsel of Record for all other Parties after the termination of this action. The identification of an individual pursuant to this Order does not make that individual subject to deposition or any other form of discovery.

**D. Disclosure to Outside Consultants**

22. Notice. Before disclosing another party's Designated Material to an Outside Consultant, a Receiving Party must first provide written notice by hand-delivery or email to Counsel of Record for the Designating Party. The notice must include: (a) the Outside Consultant's name, business title, business address, and business or profession; (b) a current CV; (c) the Outside Consultant's previous or current relationship (personal or professional) with any of the Parties, their predecessors, or their successors in interest; (d) a list of cases in which the Outside Consultant has testified (at trial or deposition) within the last seven years; (e) a list of all companies for which the Outside Consultant has consulted or that have employed the Outside Consultant within the last seven years; and (f) a signed copy of the Agreement to Be Bound by Protective Order attached as Exhibit A and the "Certification of Outside Consultant" attached as Exhibit B.

23. Objections. The Designating Party will have fourteen calendar days from receipt of the notice to object to the disclosure. The notice must identify the grounds for the objection. If the Designating Party does not object during that fourteen-day period, then the Receiving Party may disclose Designated Material to the Outside Consultant pursuant to the terms of this Order. However, if the Designating Party objects within that period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer by telephone or in person to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may within three (3) business days following the meet and confer file a motion for a protective order preventing disclosure of Designated Material to the Outside Consultant or for other appropriate relief. If the objecting Party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Agreement To Be Bound By Protective Order" attached hereto as Exhibit A). If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Objecting Party, whichever occurs first.

E. **Disclosure to Litigation Managers**

24. Notice. Before disclosing another party's Designated Material to a Litigation Manager, a Receiving Party must first provide written notice by hand-delivery or email to Counsel of Record for the Designating Party. The notice must include: (a) the full name of the Litigation Manager, his or her title, and the city and state of his or her residence; (b) a description of the

Litigation Manager's current and reasonably foreseeable future primary job duties and responsibilities in sufficient detail to determine if the Litigation Manager is involved, or may become involved, in any competitive decision-making; (c) the Litigation Manager's previous or current relationship (personal or professional) with the Designating Party; and (d) the "Litigation Manager Acknowledgement and Agreement to Be Bound by Protective Order," attached as Exhibit C, signed by the Litigation Manager.

25. Objections. The Designating Party will have fourteen calendar days from receipt of the notice to object to the disclosure of the Litigation Manager. The notice must identify the grounds for the objection. If the Designating Party does not object during that fourteen-day period, then the Receiving Party may disclose Designated Material to the Litigation Manager pursuant to the terms of this Order. However, if the Designating Party objects within that period, the Receiving Party may not disclose Designated Material to the challenged individual absent resolution of the dispute or Court Order. In the event the Designating Party makes a timely objection, the parties shall promptly meet and confer by telephone or in person to try to resolve the matter by agreement. If the parties cannot reach an agreement, the Objecting Party may within three (3) business days following the meet and confer file a motion for a protective order preventing disclosure of Designated Material to the Litigation Manager or for other appropriate relief. If the objecting Party fails to file a motion for protective order within the prescribed period, any objection to the Outside Consultant is waived, and Designated Material may thereafter be disclosed to such individual (upon signing the "Litigation Manager Acknowledgement and Agreement to Be Bound by Protective Order" attached hereto as Exhibit C). If the Objecting Party files a timely motion for a protective order, Designated Material shall not be disclosed to the challenged individual until and unless a final ruling allowing such disclosure is made by this Court or by the consent of the Objecting Party, whichever occurs first.

## F. Inspection and Production of Schematics

26. The Secure Room. Schematics will be made available for inspection in a secure room in computer searchable format on a stand-alone computer connected to a printer (that is, a computer not connected to a network or the Internet, and that is locked down so that additional peripheral devices cannot be connected to it) during regular business hours on reasonable notice, at a location in the United States selected by the Producing Party (the "Secure Room"). Before being admitted into the Secure Room, an individual must provide a photo identification card sanctioned by the government of a state of the United States or by the national government of the individual's current citizenship. Due to the COVID-19 pandemic, the parties agree may agree to secure remote viewing options for Schematics as an alternative to the secure room.

27. Review of Schematics. No electronic devices are permitted in the Secure Room, including laptops, floppy drives, zip drives, cellular telephones, personal digital assistants, cameras, voice recorders, telephone jacks or other hardware. Non-electronic devices capable of similar functionality are also prohibited, as is loose paper that could be used in a printer. Written notes relating to the Schematics may be taken only in spiral- or permanently-bound notebooks. The Schematics may not be copied into the notes. Notwithstanding this provision, file name and location (*i.e.*, directory path), may be copied into the notes. The Producing Party may visually

monitor the activities of the Receiving Party's representatives during any review to ensure compliance with these restrictions.

28. Schematics will be made available for inspection between the hours of 9 a.m. and 5 p.m., local time, on business days (i.e., weekdays that are not Federal holidays). The Producing Party will be reasonable in accommodating reasonable requests to conduct inspections at other times provided that the Receiving Party pays for any costs and expenses, including staff, necessary to allow such access.

29. The Producing party shall provide at least ten (10) business days' notice prior to a proposed inspection.

30. Option to Produce Paper Copies Instead. At its discretion, a Producing Party can elect to produce Schematics in paper form rather than making it available for inspection on a stand-alone computer. Those paper documents will otherwise be subject to the restrictions applicable to OUTSIDE COUNSEL RESTRICTED – SCHEMATICS Material.

31. Printing Portions of the Schematics. A Receiving Party is allowed to print paper copies of necessary, specific portions of the Schematics at the time of inspection. Paper copies are restricted to what is necessary for use in a filing, in an expert report, at a deposition, or at a hearing. A Receiving Party is not entitled to print passages to facilitate review of the Schematics away from the Secure Room; the Schematics are to be reviewed and analyzed using the stand alone computer. The Receiving Party is prohibited from removing the paper copies from the Secure Room. Each image of a schematic requested for printing counts as one "Page of Schematics" for purposes of this Protective Order.

32. Delivery of Printouts. The Producing Party will collect any printed pages of the Schematics, and Bates number, copy, and label them "OUTSIDE COUNSEL RESTRICTED – SCHEMATICS." Within seven calendar days, the Producing Party must either (a) deliver two (2) copy sets of such pages to one or more offices of the Receiving Party's Counsel of Record or (b) provide notice that the printed portions are excessive or were not requested for a permitted purpose. The number of Pages of Schematics for any one product or architecture may not exceed 50 Pages for that product or architecture. These limits may be increased by agreement of the Parties or on a showing of need.

33. In the event that the Producing Party provides notice that the printed portions are excessive or were not requested for a permitted purpose under Paragraph 32 and the Receiving Party disagrees, the parties shall first try to resolve the dispute in good faith. If the dispute cannot be resolved, the Producing Party shall object in writing to the Receiving Party. The Receiving Party shall then have fourteen (14) days to move for an order that the Producing Party produce the printed pages under Paragraph 32.

34. Producing Party Log. The Producing Party may maintain a log identifying: (a) the name of each person who accessed the Secure Room; (b) the date and time of access; (c) the length of time of access; and (d) whether any pages were printed. The Producing Party may also retain copies of any printed pages of the Schematics.

35. Maintenance of Printouts. The copy sets of the Schematics must be kept at all times in the office(s) of Counsel of Record. The delivered copy sets must be kept in a locked storage container where they will not be accessible to persons other than those allowed access under this Order. Printed pages of Schematics must be transported by hand-carry in a locked briefcase or storage container and may not be shipped or scanned and electronically transmitted. Except as explicitly permitted below, the Receiving Party is prohibited from making additional copies or scanning the printouts. Outside Consultants are prohibited from keeping copy sets.

36. Receiving Party Log. The Receiving Party must maintain a log identifying each person who reviews the printouts, the date and time of the review, and the production numbers of the pages reviewed. The Receiving Party must provide the Producing Party with a copy of the log on two business days' notice, but no more than once per month absent a showing of good cause.

37. Use at Depositions and Hearings. A Receiving Party is prohibited from making copies of Schematics for use at a deposition or at a hearing without the Producing Party's prior written consent. Absent such consent, the Receiving Party must provide the Producing Party with seven (7) calendar days' advance notice of its need for printed copies and identify the required pages by production number. The Producing Party will then either authorize the Receiving Party to prepare copies for use in the deposition or hearing or agree to supply copies itself on the day of the deposition or hearing. At the conclusion of the deposition or hearing, the copies will be returned to the Producing Party or destroyed. Copies will not be attached to deposition transcripts.

38. Use in Filings. A Receiving Party that wants to file or otherwise submit pages of Schematics in connection with a filing may, no earlier than 24 hours prior to the relevant filing, make only as many copies, and only of the specific pages as needed, for submission. It must file the materials under seal and must immediately notify the Producing Party.

39. Use in Expert Reports and Discovery Documents. To the extent it is necessary to reference Schematics in an expert report or other discovery document, the excerpts must be limited to the minimum amount necessary to support the specific argument made, but in no event may an excerpt exceed 15 Pages of Schematics per product or architecture. Documents containing excerpts must be designated "OUTSIDE COUNSEL RESTRICTED –SCHEMATICS."

## F. Prosecution and Development Bar

40. Prosecution Bar. Individuals associated with a Receiving Party (i.e., Counsel of Record, Litigation Managers, and Outside Consultants) who personally review any technical ATTORNEYS' EYES ONLY Material or OUTSIDE COUNSEL RESTRICTED – SCHEMATICS Material are prohibited from participating in the preparation or prosecution of any patent, patent application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or for drafting or revising a patent claim, related to the Relevant Technology that was filed, or that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals). This prosecution bar does not prevent an individual from participating in a reexamination, *inter partes* review, or other post-grant review proceedings involving the patents-at-issue or related patents, except that the individual is prohibited from participating in the drafting of any claim or amendment to any claim.

41. Development Bar.[1] A Receiving Party's Outside Consultants who personally review any technical ATTORNEYS' EYES ONLY Material or OUTSIDE COUNSEL RESTRICTED – SCHEMATICS Material must execute the "Certification of Consultant" attached as Exhibit B in which they agree not to perform hardware, software or product development work for commercial purposes for or on behalf of Intel's past, current, or future direct competitors or any entity that is attempting to commercialize a product in the same field as the produced OUTSIDE COUNSEL RESTRICTED – SCHEMATICS until one year following the final termination of this action (including any appeals).

## G. Use of Designated Material

42. Use of Designated Material by a Receiving Party. A Receiving Party, including its Counsel of Record, Outside Consultants, and Professional Vendors, is permitted to use Designated Material only for purposes of this action and any related IPRs and is prohibited from disclosing Designated Material except in accordance with this Order.

43. Use of Designated Material by a Producing Party. Nothing in this Order restricts a Producing Party's or Designating Party's use or disclosure of its own Designated Material.

44. Use of Designated Material at Depositions. A Receiving Party can examine (a) a witness about Designated Material of which the witness had prior knowledge and (b) present directors, officers, employees, designated Rule 30(6)(b) witnesses, and Outside Consultants of a Designating Party about any Designated Material of that Designating Party. A non-party may be examined about documents containing Designated Material that appear on their face or from other documents or testimony to have been received from or delivered to the non-party. Any person not permitted to have access to Designated Material that is disclosed at a deposition will be excluded from the portion of the deposition relating to that information.

45. Filing Designated Material. Absent written permission from the Designating Party or a Court Order issued after appropriate notice, a Party must file Designated Material under seal in conformance with the Court's rules and procedures. Material filed under seal shall include a cover page including the words "FILED UNDER SEAL."

46. Transmittal of Designated Material. A Receiving Party will not transmit or transport Designated Material outside of the United States. To the extent that a Receiving Party is authorized to transport or transmit electronic copies of Designated Material, only the following methods may be used: (1) encrypted email using an encryption tool that has a passphrase of at least 20 characters in length and using at least 128-bit Advanced Encryption Standard (AES) cipher option; (ii) a secure FTP site that implements 256 bit AES encryption over SSL and utilizes access controls, and the files containing the information are encrypted using a key length of at least 20 characters and 256 bit AES encryption and are removed from the Secure FTP site within 3 days;

---

[1] This Development Bar reflects the Court's rulings at the April 27, 2021 discovery teleconference.

and (iii) hand-delivery, where the data is stored on an encrypted hard-drive using at least AES 128-bit hardware encryption algorithm and a removable hardware key or an RFID secured card.

47. Export Controlled Information. Export Controlled Information is prohibited (a) from being disclosed to anyone who is not a "U.S. Person" (as defined in 22 C.F.R. § 120.15), including Counsel of Record and Outside Consultants, and (b) from being transported or transmitted outside of the United States or to any recipient who is located outside of the United States. Counsel of Record must store all Export Controlled Information in a manner such that access is limited to U.S. Persons. If a Receiving Party anticipates disclosing Export Controlled Information to the Court, including at any hearing or at trial, it will confer on the proper safeguards to avoid an export violation with the Designating Party and, if necessary, the Court.

48. Unauthorized Use or Disclosure. If a Receiving Party learns of the disclosure or use of Designated Material in any circumstance not authorized by this Order, it must promptly notify in writing the Designating Party of the unauthorized use or disclosure. In the event of unauthorized disclosure, the Receiving Party must also promptly (a) use its best efforts to retrieve all copies of the Designated Material, (b) inform the person to whom unauthorized disclosures were made of the terms of this Order, and (c) ask that person to execute the "Acknowledgment and Agreement to Be Bound" that is attached as Exhibit A.

## H. Procedure for Designating Materials

49. Designating Documents. For Material in documentary form (other than transcripts), the Designating Party must affix the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED –SCHEMATICS" on each page that contains Designated Material.

50. Designating Other Material. For non-documentary Material, the Designating Party must affix in a prominent place on the exterior of the container or containers in which the information or thing is stored the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED –SCHEMATICS."

51. Testimony and Transcripts. For testimony given in deposition or in other pretrial or trial proceedings, the Designating Party will specify any portions of the testimony that it wishes to designate as "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SCHEMATICS." In the case of depositions, the Designating Party may also designate any portion of a deposition transcript by informing the reporter and the Parties in writing of the applicable designations within thirty calendar days of completion of the certified transcript. The entire transcript of a deposition at which OUTSIDE COUNSEL RESTRICTED – SCHEMATICS Material was disclosed will be treated as OUTSIDE COUNSEL RESTRICTED – SCHEMATICS until the thirty-day period has expired. The entire transcript of all other depositions will be treated as ATTORNEYS' EYES ONLY until the thirty-day period has expired. Transcript pages identified by a Designating Party must be separately bound by the court reporter, who must affix to the top of each such page the legend "CONFIDENTIAL," "ATTORNEYS' EYES ONLY," or "OUTSIDE COUNSEL RESTRICTED – SCHEMATICS" as instructed by the Designating Party. Subject to the Court's preferences, the parties will work together to make

arrangements for making such designations to exhibits, testimony, and other Material used during hearings, pre-trial proceedings, and during the trial of this case.

52. Non-party Designations. A non-party producing information or Material voluntarily or pursuant to a subpoena or court order may designate the information or Material in the same manner as a Party. A non-party's use of this Protective Order for production of its Material does not entitle that non-party to have access to Material produced by any Party in this action.

53. Challenges to Designations. A Receiving Party may at any time request that a Designating Party withdraw or modify a confidentiality designation; it is not obligated to do so at the time the designation is made. Challenges must be in writing, identify each document by production number, and set forth the reason for believing the designation was improper. The Receiving Party will continue to treat the document in accordance with the Designating Party's designation unless and until otherwise agreed to by the Designating Party or ordered by the Court. If the parties are unable to agree concerning a challenge, the Receiving Party may pursue its challenge by Motion.

## I. Inadvertent Production

54. Inadvertent Failure to Designate. An inadvertent failure to designate confidential Material does not waive a Designating Party's right to secure protection under this Order for that Material. On discovery of an inadvertent failure to designate, a Designating Party may give written notice of the designation and provide substitute copies of the Material bearing the appropriate legend. The Receiving Party must then treat the Material in accordance with the new designation, retrieve and destroy all copies of the previously produced version of the Material from anyone who had received it, and destroy any electronic copies of the previously produced version.

55. No Waiver of Privilege. Pursuant to Federal Rule of Evidence 502(d), no privilege or protection is waived in this or any other federal or state proceeding by disclosure connected with this litigation. For example, inspection or production of Material will not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after becoming aware of a disclosure, the Producing Party designates the Material as privileged or immune from discovery. On request by the Producing Party, the Receiving Party will immediately retrieve and return (or destroy) any copies of the produced Material, including copies distributed to others (e.g., Outside Consultants and Professional Vendors). The Receiving Party will remain entitled to challenge the privilege or immunity or immunity designation.

## J. Miscellaneous

56. Enforcement and Jurisdiction. Absent a transfer, this Court will have jurisdiction to enforce this Order, even following the final disposition of this action. In the event of transfer, however, the transferee Court will have exclusive jurisdiction to enforce this Order, even following the final disposition of this action. Every individual who reviews Designated Material agrees to

be subject to the jurisdiction of this Court for the purpose of any proceedings related to the enforcement of this Order.

57. Injunctive Relief. Every individual who reviews Designated Material acknowledges that a breach of this Order may result in immediate and irreparable injury for which there is no adequate remedy at law. A party may immediately apply to obtain temporary, preliminary, and permanent injunctive relief against a violation or threatened violation of this Order.

58. Final Disposition. Within sixty days after the final disposition of this action, each Receiving Party must destroy or return all Designated Material to the Producing Party and submit a written confirmation of the return or destruction to the Producing Party (and, if not the same person or entity, to the Designating Party). However, Counsel of Record are entitled to retain three archival copies of all pleadings, motion papers and supporting materials), transcripts, legal memoranda, correspondence, briefs and supporting materials, written discovery requests and responses, exhibits offered or introduced into evidence at trial, or attorney work product. Any such archival copies remain subject to this Protective Order.

59. Duration. The confidentiality obligations imposed by this Order will remain in effect even after the final disposition of this action, until and unless otherwise agreed to by the Designating Party or ordered by the Court.

60. Further Protections. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection or to relax or rescind the restrictions of this Order.

61. Subpoenas in Other Litigation. If a Receiving Party is served with a subpoena or a court order that would compel disclosure of any Designated Material, it must so notify the Producing Party (and, if not the same person or entity, the Designating Party), in writing (by hand delivery, fax, or email) promptly. The notice must include a copy of the subpoena or order. The Receiving Party also must promptly inform in writing the party who caused the subpoena or order to issue that some or all of the requested material is subject to this Order.

**SO ORDERED** this 7th day of June, 2021.

Judge Alan D. Albright
United States District Judge

PRESENTED BY:

**ParkerVision, Inc.**

/s/ *Raymond Mort*
Raymond Mort

THE MORT LAW FIRM, PLLC
Texas State Bar No. 00791308
raymort@austinlaw.com
100 Congress Avenue, Suite 2000
Austin, Texas 78701
Tel/Fax: 512-865-7950

Ronald M. Daignault
Chandran Iyer
Jason Charkow
Stephanie Mandir
DAIGNAULT IYER LLP
rdaignault@daignaultiyer.com*
cbiyer@ daignaultiyer.com*
jcharkow@ daignaultiyer.com*
smandir@ daignaultiyer.com*
8200 Greensboro Drive
Suite 900
Mclean, VA 22102
Telephone: (917) 838-9795

**admitted pro hac vice*

*Attorneys for Plaintiff ParkerVision, Inc.*

**Intel Corporation**

*/s/ J. Stephen Ravel*
J. Stephen Ravel

KELLY HART & HALLMAN LLP
Texas State Bar No. 16584975
303 Colorado, Suite 2000
Austin, Texas 78701
T (512) 495-6429
steve.ravel@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
T (254) 710-7670
james.wren@baylor.edu

Michael J. Summersgill (admitted *Pro Hac Vice*)
Sarah B. Petty (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
T (617) 526-6000
michael.summersgill@wilmerhale.com
sarah.petty@wilmerhale.com

Jason F. Choy (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
T (213) 443-5300
jason.choy@wilmerhale.com

*Attorneys for Defendant Intel Corporation*

**Exhibit A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________________, state:

1. I reside at _____________________________________________________.

2. My present employer is ___________________________________________.

3. My present occupation or job description is __________________________.

4. I have read the *[Stipulated]* Protective Order ("Order") dated _________________________ and understand and will abide by its terms. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use any Designated Material in any manner not expressly allowed by the Order.

5. I agree to be subject to the authority of the United States District Court for Western District of Texas, or in the event of transfer, the authority of the transferee United States District Court, in the event of any dispute related to this agreement.

6. I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _________________, 20__. _______________________________
Signature

**Exhibit B**

**CERTIFICATION OF OUTSIDE CONSULTANT
REGARDING PROTECTIVE ORDER**

I, ____________________________, state:

1. I have read the *[Stipulated]* Protective Order (“Order”) dated _________________________ and understand and will abide by its terms.

2. I am not a current or anticipated officer, director, or employee of a Party or of a Party’s competitor, or a current or anticipated consultant involved in product and/or process design or development for a Party or for a Party’s competitor.

3. If at any time after I execute this Certification of Consultant and during the pendency of the litigation I become an employee or competitor of a Party, I will promptly inform the counsel for the Party who retained me in this litigation. I will not thereafter review any Designated Materials marked as “ATTORNEYS’ EYES ONLY” or “OUTSIDE COUNSEL RESTRICTED - SCHEMATICS” unless and until the Parties agree or the Court orders otherwise.

4. I will not use any Designated Material for any purpose other than this litigation.

5. I agree not to participate in the preparation or prosecution of any patent, patent application, *inter partes* review, post-grant review proceedings, or a patent in reexamination or reissue, or for drafting or revising a patent claim, related to the Relevant Technology that was filed, or that claims priority from an application that was filed, less than one year following the final termination of this action (including any appeals).

6. I agree not to perform commercial hardware, software or product development work intended for commercial purposes for or on behalf of Intel’s past, current, or future direct

competitors or any entity which is attempting to commercialize a product in the same field as the produced OUTSIDE COUNSEL RESTRICTED – SCHEMATICS until one year following the final termination of this litigation (including any appeals).[2]

7. I agree to be subject to the authority of the United States District Court for Western District of Texas, or in the event of transfer, the authority of the transferee United States District Court, in the event of any dispute related to this certification.

8. I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _________________, 20__. ______________________________
Signature

[2] This paragraph reflects the Court's rulings at the April 27, 2021 discovery teleconference.

**Exhibit C**

**LITIGATION MANAGER ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________________, state:

1. I reside at _____________________________________________________.

2. My present employer is ___________________________________________.

3. I have read the *[Stipulated]* Protective Order ("Order") dated _________________________, and understand and will abide by its terms.

4. I meet the Order's requirements for a Litigation Manager.

5. I will not divulge any confidential information or material to persons other than those specifically authorized by the Order. I will not use Designated Material in any manner not expressly allowed by the Order.

5. I agree to be subject to the authority of the United States District Court for the Western District of Texas, or in the event of transfer, the authority of the transferee United States District Court, in the event of any dispute related to this agreement.

6. I state under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on _________________, 20__. ______________________________

Signature