**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| PARKERVISION, INC., | Civil Action No.   6:20-cv-00108-ADA |
| Plaintiff, | **JURY TRIAL DEMANDED** |
| vs. | |
| INTEL CORPORATION, | |
| Defendant. | |

## COVID-19 ADDENDUM TO PROTECTIVE ORDER

WHEREAS, Plaintiff ParkerVision, Inc. ("ParkerVision" or "Plaintiff") and Defendant Intel Corporation ("Intel"), hereafter referred to as "the Parties," have worked together to reconcile the needs of this case with the exigencies of the ongoing public health emergency;

WHEREAS, the Court entered a Protective Order on November 8, 2021 (Dkt. No. 95) ("the Protective Order");

WHEREAS, prior to the Parties' negotiation of the Protective Order, the outbreak of the novel coronavirus (COVID-19) had been declared a global pandemic by the World Health Organization ("WHO");

WHEREAS, both the WHO and the Centers for Disease Control and Prevention have indicated that the spread of COVID-19 is continuing and has recommended social distancing and/or remote work continue, in order to limit further community spread of COVID-19;

WHEREAS, in addition to these orders and advisories, numerous state and federal courts, including the U.S. District Court for the Western District of Texas, have issued Orders restricting or preventing public access to courthouses given the severity of risk to persons by the spread of COVID-19;

WHEREAS, Intel's normal security procedures, memorialized in the existing Protective Order, for the treatment of Schematics used as part of litigation are not possible so long as the public health orders and advisories are in place;

WHEREAS, solely in this period of national—and international—public health emergency, Intel has developed, as a special accommodation, a temporary alternative to the inspection protocols set forth in the Protective Order that uses dedicated, specially-configured Schematics discovery laptops ("Remote Review Laptop") that can be shipped to reviewers who are sheltering in place and enable the recipient of each such Remote Review Laptop to review code in an environment designed to approximate the security precautions set forth in the Protective Order to allow discovery of Schematics in this action to occur while the public health restrictions are in place; and

WHEREAS, Plaintiff acknowledges the exceptional exigencies presented by the international health emergency,

WHEREAS Intel states that its accommodations during this emergency do not constitute a proper approach in any other circumstances;

NOW THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      This COVID-19 Addendum to the Protective Order shall be effective immediately upon entry and shall continue in effect until April 7, 2022, unless extended by agreement of the Parties or further order of the Court.  Except as modified herein, all other provisions of the Protective Order shall remain in full force and effect.

2.      Defined terms in this Addendum have the meaning established in the Protective Order entered in this action (*i.e.*, Dkt. No. 95).  In addition, "Authorized Reviewer," in the context of this Addendum, shall mean any person who (a) is authorized under the Protective Order (*i.e.*, Dkt. No. 95) to access materials designated as "HIGHLY CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES ONLY - SCHEMATICS" and (b) if an Outside Consultant, has agreed to be bound by the provisions of this Addendum by signing a copy of Exhibit B. Notwithstanding the number of Authorized Reviewers that may be permitted under the Protective Order, in no event will the Producing Party be required to supply more than three (3) Remote Review Laptops under this Addendum.

3.      Notwithstanding anything to the contrary in the Protective Order:

(a)      Plaintiff's counsel shall request the Remote Review Laptop on behalf of the Authorized Reviewer no less than ten (10) business days prior to a proposed remote review session.

(b)      Any Remote Review Laptop made available to Plaintiff's Authorized Reviewers by the Defendant may be used as follows:

(i)      When kept in an office, the Remote Review Laptop must be kept, at all times when not in use in accordance herewith, within a locked room (including a secure closet, cabinet, drawer, or storage container) within the office of the Authorized Reviewer.  When kept in a home, the Remote Review Laptop must be kept at all times when not in use in accordance herewith, within a high grade gun safe within the home of the Authorized Reviewer;

(ii)      Any Authorized Reviewer who is to receive a Remote Review Laptop shall, prior to receipt thereof, and upon Defendant's request, provide Defendants with details regarding the location at which such computer will be used for reviewing ("Schematics Review Room") and the location at which such computer will be stored when not being used for reviewing;

(iii)      No recordable media or recordable devices, including without limitation sound recorders, computers, cell phones, smart watches, peripheral equipment, cameras, devices containing unobstructed cameras (e.g., webcams, unless entirely shielded with an opaque material), CDs, DVDs, or drives of any kind, or non-electronic devices capable of similar functionalities to any of the foregoing, may be in the Schematics Review Room when the Remote Review Laptop is powered on; however, to the extent such devices are unable to be removed without substantial burden (e.g. desktop computer) such devices shall be powered off and remain off during the review of the Schematics;

(iv)      Written notes relating to the Schematics may be taken only in spiral- or permanently-bound notebooks.  The Schematics may not be copied into the notes.  Notwithstanding this provision, names of procedures, functions, and subroutines (but not the code within those procedures, functions, and subroutines), as well as file names and locations (i.e., directory path), may be copied into the notes.

(v)      Each review session must take place between the hours of 9 a.m. to 5 p.m. Eastern Time on business days (i.e. weekdays that are not Federal holidays), or at other reasonable times as mutually agreed;

(vi)     Upon the completion of each review session, Authorized Reviewer shall provide, at Defendant's request, a declaration confirming under penalty of perjury that no unauthorized electronic records of the Schematics were created or transmitted in any way;

(vii)     While any Remote Review Laptop is in use, its screen shall be positioned in such a way that it is not visible from any external window of the room in which it is stored, or such window shall be covered with blinds, shades, or a similar covering;

(viii)     A third-party vendor, retained by Defendant to facilitate the Remote Review, ("Defendant's Remote Review Vendor") may periodically visually monitor the session by means of a remote camera feed of the Schematics Review room.  The Authorized Reviewer agrees to cooperate in installing and positioning the camera equipment to facilitate this remote monitoring, notwithstanding the camera will not be pointed towards the Authorized Reviewer's notes.  Such camera equipment shall be shipped by Defendant's Remote Review Vendor configured to record visually but with any audio monitoring or recording functionalities disabled;

(ix)     Before the Remote Review Laptop is turned on, the Authorized Reviewer who intends to review the Schematics shall provide at least three hour notice to Defendant via email at jason.choy@wilmerhale.com and marissa.lalli@wilmerhale.com that they are beginning a review session.;

(x)     During the review session and at all other times, the Authorized Reviewer shall not copy, remove, or otherwise transfer any Schematics from the Remote Review Laptop including, without limitation, copying, removing, or transferring the Schematics onto any recordable media or recordable device;

(xi)     The Remote Review Laptop must be turned off when not in active use for a period of more than 10 minutes during the review, and the VPN connection must be closed at the end of each review session once any "print to PDF" files created pursuant to paragraph 3(d) are collected by Defendant's remote Schematics review vendor;

(xii)     Immediately after the Remote Review Laptop is turned off, the Authorized Reviewer shall notify Defendant via email at jason.choy@wilmerhale.com and marissa.lalli@wilmerhale.com that they are ending a review session;

(xiii)     At all times, all network and USB ports and wireless transmitters of each Remote Review Laptop shall be and remain disabled (other than those functionalities specifically required to activate and maintain the

4

VPN connection for each review session as well as the print-to-PDF capability described in Paragraph 3(d)), and the Remote Review Laptop shall not be connected to a printer in any way;

(xiv)   The Authorized Reviewer shall maintain a log of the time that they spend reviewing materials on the Remote Review Laptop during each review session in the form attached as Exhibit A, which shall be made available to Defendant upon request; and

(xv)   The Authorized Reviewer may retain the Remote Review Laptop for a period of one (1) month after delivery by Defendant's Remote Review Vendor, after which the Remote Review Laptop must be returned to Defendant's Remote Review Vendor in accordance with paragraph 3(c) below, unless Defendant requests return earlier due to (1) the entry of an order dismissing or entering final judgment in this matter; (2) the entry of an order staying or administratively closing the case; (3) the conclusion of the Authorized Reviewer's engagement with any party to this matter or involvement in this matter; (4) review via the method contemplated by the Protective Orders is again feasible consistent with court, federal, state, and local guidance or orders relevant to the parties' ability to conduct in-person review of Schematics; or (5) the entry of a subsequent protective order that contemplates the return of Schematics Computers.  Defendant agrees to reasonably cooperate with requests for extension of this time period if additional time is necessary for the Authorized Reviewer to complete the remote review.

(c)   Any Remote Review Laptop made available by Defendant to Plaintiff's Authorized Reviewers may be transported as follows:

(i)   Via hand carry, Federal Express, or other similarly reliable courier by Defendant to a location mutually agreed upon by the Parties, but may not be transported outside the United States; and

(ii)   Each Remote Review Laptop may not be removed from said location, except to be returned to the location requested by the Defendant via hand carry, Federal Express, or other similarly reliable courier, after providing notice to Defendant of the intended shipment and receiving confirmation from Defendant that such shipment can be securely received.

(iii)   Each Remote Review Laptop may be transported from one Authorized Reviewer to another or from an Authorized Reviewer's home to their office via hand carry.

(d)   Defendant will endeavor to accommodate reasonable print requests from Plaintiff according to the following procedures:

(i)      During a review session, the Authorized Reviewer may utilize the "print to PDF" function that will be made available to the Authorized Reviewer to save "print to PDF" files at a designated location on the secured standalone computer.  At the end of the review session, Defendant's vendor will download the "print to PDF" files from the designated location on the secured standalone computer;

(ii)      Upon receipt of notice that such "print to PDF" files have been collected by Defendant's vendor, Defendant's counsel may have two (2) business days to print the Schematics contained in the collected "print to PDF" files.  Then, Defendant will follow the normal procedures regarding providing printed Schematics pages set forth in the Protective Order at Dkt. No. 95, ¶¶ 31-32.  Once Defendant receives confirmation that the printouts have been delivered using the normal procedures regarding providing printed Schematics pages set forth in the Protective Order at Dkt. No. 95, ¶32, Defendant's vendor will wipe the "print to PDF" files that have been created and collected by Defendant's vendor.  Authorized Reviewer will reasonably cooperate with Defendant's vendor to initiate a VPN session, if necessary, for this wiping to be completed;

(iii)      Such printed Schematics pages described in ¶ 3(c)(iii) above apply to Plaintiff's total printing page limit that the Parties have otherwise agreed to. See Dkt. No. 95, ¶32; and

(e)      Plaintiff's outside counsel may deliver the printed Schematics pages to the Authorized Reviewer via hand carry;

(f)      Authorized Reviewers may keep paper Schematics printouts in a secured locked area in their offices or homes.  At all times when not being actively reviewed, all Schematics printouts at an Authorized Reviewer's home must be stored within a locked high grade gun safe;

(g)      Paper Schematics printouts may only be transported by or at the direction of a person authorized to receive the printouts to another person authorized to receive the printouts on paper via hand carry;

(h)      Each Authorized Reviewer shall sign a copy of this Addendum by signing the acknowledgement shown in Exhibit B.

So ORDERED and SIGNED this __6th__ day of ___December___, 20 __21__.


ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

6