# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

PARKERVISION, INC.,

               Plaintiff,

    vs.

INTEL CORPORATION,

               Defendant.

Civil Action Nos. 6:20-cv-00108-ADA

**JURY TRIAL DEMANDED**

## INTEL CORPORATION'S NOTICE OF SUPPLEMENTAL AUTHORITY REGARDING INTEL'S MOTION FOR FURTHER CLAIM CONSTRUCTION

Defendant Intel Corporation ("Intel") wishes to bring to the Court's attention the decision in *Grecia Estate Holdings, LLC v. Meta Platforms, Inc*., No. 6:21-cv-00677-ADA, 2022 WL 2109296, at * 6 (W.D. Tex. June 6, 2022) ("*Grecia*"), which is relevant to Plaintiff ParkerVision, Inc.'s IPR disclaimer, as raised by Intel's Motion for Further Claim Construction.  *See* Case Nos. 6:20-cv-00108-ADA (the "108 Case"), Dkt. 117.  *Grecia*, like this case, concerned a patentee's IPR disclaimer and its subsequent taking of inconsistent positions regarding claim scope as between the IPR proceedings and the district court litigation:

> ***To survive IPR, Grecia disclaimed any correspondence between credit card information and the "encrypted digital media" of the '555 Patent***. Claims 15-16 of the '555 Patent require, in part, that the computer program product receive and authenticate a "membership verification token provided by a first user, corresponding to the encrypted digital media." '555 Patent at 16:54–59. In other words, there must be some relationship between the "membership verification token" and the "encrypted digital media." Grecia's Complaint alleges that a Facebook Pay user's "PayPal account or Debit and Credit Card number" is the claimed "membership verification token." ECF No. 1 at 6–7. ***Yet, in IPR, Grecia asserted that credit card information could not be the "membership verification token"*** because a credit card number corresponds to the credit card account and not digital media. Preliminary Response, *Unified Patent Inc. v. Grecia*, IPR2016-00789, Paper No. 5 (P.T.A.B. June 22, 2016) at 21–22. ***Ultimately, Grecia seeks to benefit from claiming a distinction between the '555 Patent and the DeMello reference during IPR yet refuses to confront the drawback of claiming the same distinction in litigation. Grecia's allegations contradict prior sworn statements concerning the invention's scope during IPR and, therefore, fail to "articulate why it is plausible that the accused product infringes the patent claim."*** Bot M8, 4 F.4th at 1355. Grecia cannot possibly allege infringement on this ground.

*Grecia*, 2022 WL 2109296, at * 6 (emphases added).

Dated:  June 27, 2022

Respectfully submitted,

/s/ J. Stephen Ravel

J. Steven Ravel
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
T (512) 495-6429
steve.ravel@kellyhart.com

Michael J. Summersgill (admitted *Pro Hac Vice*)
Sarah B. Petty (admitted *Pro Hac Vice*)
Marissa A. Lalli (admitted *Pro Hac Vice*)
Samuel C. Leifer (admitted *Pro Hac Vice*)
Alicia Coneys (admitted *Pro Hac Vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
60 State Street
Boston, Massachusetts 02109
T (617) 526-6000
michael.summersgill@wilmerhale.com
sarah.petty@wilmerhale.com
marissa.lalli@wilmerhale.com
samuel.leifer@wilmerhale.com
alicia.coneys@wilmerhale.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
T (254) 710-7670
james.wren@baylor.edu

**ATTORNEYS FOR DEFENDANT
INTEL CORPORATION**

Todd Zubler (admitted *Pro Hac Vice*)
Isley M. Gostin (admitted *Pro Hac Vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
T (202) 663-6636
todd.zubler@wilmerhale.com
isley.gostin@wilmerhale.com

Jason F. Choy (admitted *Pro Hac Vice*)
Wilmer Cutler Pickering Hale and Dorr LLP
350 South Grand Avenue, Suite 2100
Los Angeles, California 90071
T (213) 443-5300
jason.choy@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on June 27, 2022.

/s/ J. Stephen Ravel
J. Stephen Ravel