## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | |
|---|---|
| PARKERVISION, INC.<br><br>               Plaintiff,<br><br>     vs.<br><br>INTEL CORPORATION<br><br>               Defendant. | C.A. No.  6:20-cv-108-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>███████████<br><br><span style="color:red">PUBLIC VERSION</span> |

## DEFENDANT INTEL CORPORATION'S MOTION FOR SUMMARY JUDGMENT OF NO WILLFUL INFRINGEMENT

**TABLE OF CONTENTS**

I.  INTRODUCTION ..................................................................................................... 1

II.  BACKGROUND ...................................................................................................... 2

    A.  None Of The Communications Between ParkerVision And Intel
       Identify Any Asserted Patents. ..................................................................... 2

    B.  None Of The Communications Between ParkerVision And Infineon
       Identify Any Asserted Patents. ..................................................................... 3

    C.  The Skyworks Brochure ............................................................................... 3

    D.  ParkerVision's Motion To Amend To Add Willfulness. ................................ 3

III.  LEGAL STANDARD ............................................................................................... 4

    A.  Summary Judgment. ..................................................................................... 4

    B.  Willful Infringement. .................................................................................... 4

IV.  ARGUMENT ............................................................................................................ 4

    A.  ParkerVision Has Not Identified A Single Pre-Suit Communication
       Between ParkerVision And Intel That Identifies Any Asserted Patent. ............ 5

    B.  ParkerVision Has Not Identified A Single Communication Between
       ParkerVision And Infineon That Identifies Any Asserted Patent. ..................... 7

    C.  The Skyworks Third-Party Marketing Document Does Not Establish
       That Intel Knew About The Asserted Patents, Let Alone Intended To
       Infringe Them. .............................................................................................. 8

    D.  The ITC Subpoena Does Not Suffice To Establish Willfulness. ..................... 10

    E.  The German Litigation Does Not Establish Willfulness. ............................... 11

    F.  ParkerVision Has No Evidence That Intel Intended To Infringe Any Of
       The Asserted Patents. ..................................................................................... 12

V.  CONCLUSION ......................................................................................................... 15

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Acceleron, LLC v. Dell Inc.*,
　2022 WL 1087683 (N.D. Ga. Mar. 7, 2022)................................................................ 14

*Anderson v. Liberty Lobby, Inc.*,
　477 U.S. 242 (1986)........................................................................................................ 4

*Bayer Healthcare LLC v. Baxalta Inc.*,
　989 F.3d 964 (Fed. Cir. 2021)................................................................................*passim*

*Bench Walk Lighting LLC v. LG Innotek Co.*,
　530 F. Supp. 3d 468 (D. Del. 2021)............................................................................. 14

*BillJCo, LLC v. Apple Inc.*,
　583 F. Supp. 3d 769 (W.D. Tex. 2022)....................................................................... 14

*Cellcontrol, Inc. v. Mill Mountain Capital, LLC*,
　2022 WL 598752 (W.D. Va. Feb. 28, 2022) .............................................................. 14

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ....................................................................4

*Eason v. Thaler*,
　73 F.3d 1322 (5th Cir. 1996) ......................................................................................... 4

*Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*,
　946 F.3d 1367 (Fed. Cir. 2020)................................................................................4, 12

*Grant v. CRST Expedited, Inc.*,
　2021 WL 2101741 (E.D. Tex. Apr. 7, 2021) ............................................................. 11

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
　579 U.S. 93 (2016)........................................................................................................... 4

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
　2021 WL 3931910 (W.D. Tex. Sept. 1, 2021).....................................................10, 14

*Olaf Soot Design, LLC v. Daktronics, Inc.*,
　325 F. Supp. 3d 456 (S.D.N.Y. 2018).......................................................................... 7

*State Indus., Inc. v. A.O. Smith Corp.*,
　751 F.2d 1226 (Fed. Cir. 1985).................................................................................... 5

*Teradyne, Inc. v. Astronics Test Systems, Inc.*,
　2020 WL 8173024 (C.D. Cal. Nov. 6, 2020)............................................................. 14

**STATUTES, RULES, AND REGULATIONS**

Fed. R. Civ. P. 56(a) ............................................................................................................4

Fed. R. Evid. 411 ................................................................................................................ 11

I.   **INTRODUCTION**

As the Federal Circuit recently made clear, "[w]illfulness requires **deliberate or intentional** infringement."[1]  *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 988 (Fed. Cir. 2021) ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness.   Rather, willfulness requires **deliberate or intentional infringement**.").   ParkerVision relies on five categories of documents in its attempt to show willfulness, but the undisputed facts show that none is sufficient as a matter of law:

**First**, ParkerVision relies on two non-disclosure agreements ("NDAs") and later communications between ParkerVision and Intel employees.   But both NDAs pre-date issuance of all the Asserted Patents and neither the NDAs nor any of the communications between ParkerVision and Intel employees even mentions any of the Asserted Patents, much less shows "deliberate or intentional infringement" of the patents.[2]

**Second**, ParkerVision relies on communications between Infineon (a company from whom Intel acquired a wireless division) and ParkerVision that occurred prior to Intel's acquisition of Infineon's Wireless Solutions Business.   But just like the communications with Intel, none of these communications even mentions any Asserted Patent, let alone shows "deliberate or intentional infringement."

**Third**, ParkerVision relies on a 2010 third-party (Skyworks) patent marketing document produced from Intel's files that references two of ParkerVision's Asserted Patents in passing.   Yet the two Asserted Patents are merely listed (in a font too small to be human-readable) among a list of 74 patents that cite to the Skyworks patents as part of Skyworks' promotion of Skyworks's patents.   And there is no evidence that anyone at Intel or Infineon

---

[1] All emphases are added unless otherwise noted.

[2] ParkerVision is asserting U.S. Patent Nos. 6,580,902 (the "'902 patent"), 8,588,725 (the "'725 patent"), 9,118,528 (the "'528 patent"), 9,246,736 (the "'736 patent"), 9,444,673 (the "'673 patent"), and 7,539,474 (the "'474 patent") (collectively, the "Asserted Patents").

ever even reviewed this list of patents, let alone reviewed the two ParkerVision patents or their claims.

**Fourth**, ParkerVision relies on a May 2016 subpoena that it served on Intel in one of ParkerVision's litigations against Apple, among others, before the International Trade Commission ("ITC"). ParkerVision alleges that the subpoena accused Intel of infringing one of the six Asserted Patents—the '528 patent. But ParkerVision affirmatively stated on the record in those same ITC proceedings, after Intel had responded to the subpoena, ███████

██████████████████████ Ex. 1, *In re Certain RF Capable Integrated Circuits and Products Containing the Same*, Investigation No. 337-TA-982, Order No 14 (Aug. 4, 2016) at 6 ████████████████████████████████████████████████████████

████████████████████████.[3]

**Fifth**, ParkerVision relies on its 2017 assertion in a German action that one of the Intel chips at issue here—the SMARTi5—infringed a European patent related to one of the Asserted Patents. But the German court found that the Intel chip does ***not*** infringe the ParkerVision patent.

Based on these undisputed facts, no reasonable jury could find that Intel had the requisite knowledge and intent to willfully infringe any of the Asserted Patents. Intel respectfully moves for summary judgment of no willful infringement.

## II.    BACKGROUND

### A.    None Of The Communications Between ParkerVision And Intel Identify Any Asserted Patents.

ParkerVision alleges that two NDAs between ParkerVision and Intel, communications between Intel and ParkerVision, Intel internal emails, and data regarding visits to its websites

---

[3] All exhibits are attached to the Declaration of Harry Hanson, filed concurrently herewith.

support its claim for willful infringement.  Dkt. 146, PV Third Amended Complaint ("TAC"),

¶¶38, 54, 66.  It is undisputed that none of that evidence mentions any of the Asserted Patents.

**B.      None Of The Communications Between ParkerVision And Infineon Identify Any Asserted Patents.**

ParkerVision alleges that a series of communications between ParkerVision and

Infineon between February 2006 and January 2009 support its claim for willful infringement.

TAC, ¶¶43-61.  As an initial matter, it is undisputed that all of those communications predate

Intel's acquisition of Infineon Wireless in 2011.  In any event, it is also undisputed that none

of those communications with Infineon even mentions any Asserted Patent.

**C.      The Skyworks Brochure**

ParkerVision also cites a 2010 brochure offering a portfolio of patents from Skyworks

for sale that lists the asserted '902 and '474 patent numbers among a list of 74 patents—in a

font size that cannot be read without magnification— ███████████████████████

███████████████████████████      Ex. 2, Skyworks Pres.

(96103DOC00099705) at -727.  The ParkerVision patents in ████████████████████

████████████████████████████████████

████████████████████. *Id.*  ParkerVision has not identified any

evidence that anyone at Intel ever read that ██████, much less reviewed the two Asserted

Patents mentioned in that document.

**D.      ParkerVision's Motion To Amend To Add Willfulness.**

Over two years after filing this case, ParkerVision moved for leave to file a Third

Amended Complaint adding claims of willful infringement.  Dkt. 133.  The Court granted

ParkerVision's motion and allowed the parties to take discovery related to the new claims.  Dkt.

145.  That discovery has now confirmed that there is no basis for ParkerVision's claims of

willful infringement.

### III.    LEGAL STANDARD

#### A.    Summary Judgment.

Summary judgment shall be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  A fact dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "[M]ere conclusory allegations are … insufficient … to defeat a motion for summary judgment."  *Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir. 1996).

#### B.    Willful Infringement.

As the Federal Circuit recently confirmed, "[w]illfulness requires ***deliberate or intentional*** infringement."  *Bayer*, 989 F.3d at 988 ("Knowledge of the asserted patent and evidence of infringement is necessary, but not sufficient, for a finding of willfulness.  Rather, willfulness requires ***deliberate or intentional infringement***."); *Eko Brands, LLC v. Adrian Rivera Maynez Enters., Inc.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020) (under *Halo*, deliberate or intentional infringement is required)  Further, a claim for enhanced damages based on willful infringement requires conduct "variously described in our cases as willful, wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-104 (2016).

### IV.    ARGUMENT

ParkerVision has failed to come forward with any evidence that even comes close to plausibly demonstrating deliberate or intentional infringement.  Its willfulness allegations thus fail as a matter of law.

4

**A.     ParkerVision Has Not Identified A Single Pre–Suit Communication Between ParkerVision And Intel That Identifies Any Asserted Patent.[4]**

None of the communications between ParkerVision and Intel even ***mentions*** any Asserted Patent.  Such communications thus do not even establish knowledge of the Asserted Patents, let alone intentional infringement.  *Bayer*, 989 F.3d at 988 ("Knowledge of the asserted patent … is necessary, but not sufficient, for a finding of willfulness."); *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985) ("To willfully infringe a patent, the patent must exist ***and*** one must have knowledge of it[.]")

***First***, ParkerVision alleges that Intel and ParkerVision signed two NDAs in 1999 and 2002.  TAC, ¶38.  Neither NDA says anything about any of the Asserted Patents.  Nor could they, as all of the patents issued in or after June of 2003:

| Asserted Patent | Issue Date |
|-----------------|------------|
| 9,444,673 | 9/13/2016 |
| 9,246,736 | 1/26/2016 |
| 9,118,528 | 8/25/2015 |
| 8,588,725 | 11/19/2013 |
| 7,539,474 | 5/26/2009 |
| 6,580,902 | 6/17/2003 |

***Second***, ParkerVision has identified various communications between Intel and ParkerVision beginning in 1999.  Ex. 3, PV Suppl. Resp. to Interrog. No. 19 (June 21, 2021) at 3-4.  It is similarly undisputed that none of those emails mentions any of the Asserted Patents either.

***Third***, ParkerVision has alleged—based on a November 6, 2007 Intel email from Intel employee Shmuel Ravid—that Intel was "monitoring ParkerVision and its inventive technologies" "in and around 2006, and 2007."  TAC, ¶54.  But the November 6, 2007 email ParkerVision references in support of that allegation does not mention the Asserted Patents.  In fact, the email predates all but one of the Asserted Patents—the '902 patent—and it says

---

[4] ParkerVision's ITC subpoena to Intel is addressed separately in Section IV.D., *infra*.

nothing about that patent.  Ex. 4, Nov. 6, 2007 Email from Ravid at 1.  Moreover, if anything, Mr. Ravid's email demonstrates that Intel was ***not*** interested in pursuing ParkerVision's technology:

> "***Parker vision doesn't have a very good track record*** as it has to do with new IP.  If you remember they had some groundbreaking mixer IP some 6-7 years ago that ***really didn't materialize***.  ***I don't know what they have now but we should be very very very suspicious getting into bed with them***.  …  Bottom line: in my opinion ***there is no reason to do anything with them before they can present real data from REAL Si under a real case scenario of a real system***."

*Id.*  Far from suggesting that Intel had knowledge of any ParkerVision patent, Mr. Ravid's email suggests that Intel avoid further contact with ParkerVision entirely.

*Fourth*, ParkerVision has pointed to visits to its website that it attributes to unidentified "Infineon and Intel engineers" from "those companies' facilities located in, for example, Grasbrunn and Neubiberg, Germany; Beijing and Shanghai, China; Bayan Lepas, Malaysia; Santa Clara and Folsom, California; and Hillsboro, Oregon."  TAC, ¶66.  But ParkerVision cites no evidence of who visited from those cities, that the visitors looked at sections of the website that referred to Asserted Patents, or that the visitors even reviewed, let alone intended to infringe, any Asserted Patent.  Simply put, a few visits to ParkerVision's website by unidentified Intel employees without any evidence of reviewing any Asserted Patents does not come close to meeting ParkerVision's burden of establishing both knowledge of and intent to infringe the Asserted Patents.

Absent evidence that the communications between Intel and ParkerVision even mention any Asserted Patent, ParkerVision's claim of willful infringement based on these documents fails as a matter of law.  Knowledge of the Asserted Patents is a necessary—though not sufficient—element of willful infringement and none of these communications even establish Intel's awareness of the asserted patents.  *Bayer*, 989 F.3d at 988 ("Knowledge of the asserted patent … is ***necessary***, ***but not sufficient***, for a finding of willfulness.").

**B.      ParkerVision Has Not Identified A Single Communication Between ParkerVision And Infineon That Identifies Any Asserted Patent.**

ParkerVision's communications with Infineon likewise fail as a matter of law to support its willfulness claim.

*First*, all of the Infineon emails ParkerVision relies on predate Intel's 2011 acquisition of Infineon's Wireless Solutions group.  As a result, none of those emails says anything about *Intel's* knowledge of ParkerVision or its technology.  *See Olaf Soot Design, LLC v. Daktronics, Inc.*, 325 F. Supp. 3d 456, 462 (S.D.N.Y. 2018) ("Plaintiff cites no case law in support of the proposition that, in purchasing a company, an acquirer adopts the knowledge of its target for purposes of willful patent infringement.  The Court finds no such case law.").

*Second*, none of the communications between ParkerVision and Infineon even mentions any of the Asserted Patents.  Rather, ParkerVision sought to interest Infineon in technology it purported to have developed and its alleged benefits, with no mention of any patents, let alone the Asserted Patents and their claims.  Such communications about technology are irrelevant, as courts are clear that "[k]nowledge *of the asserted patent[s]*"—not awareness of the patentee's general "technology"—"is necessary … for a  finding of willfulness." *Bayer*, 989 F.3d at 988.

*Third*, the bulk of ParkerVision's communications with Infineon focused on ██████████████████████████████ not the d2d *receiver* technology at issue here:

- The January 21, 2005 email cited in ParkerVision's TAC relates to ███████████████████████████████████████████████ ████████████████████████████████████████████████

- The first communication between ParkerVision and Infineon in the TAC is an unsolicited 2006 email ████████████████████████ ████████████████████ *Compare* TAC, ¶¶43-44, *with* Ex. 6, Feb. 7, 2006 Email at 1-2 ██████████████████████████████████████████ █████████████ and

7

- Following that introduction and related communications, ███████████
  ███████████████████████████████████████████████████████████████
  █████████████████████████████████████████████

Moreover, it is undisputed that none of the Infineon employees ParkerVision allegedly communicated with about its d2d receiver technology designed or developed the Intel receiver circuits at issue. *See* Section IV.E., *infra*.

Because none of ParkerVision's communications with Infineon discusses any Asserted Patent, nothing in those communications supports an inference that anyone at Infineon knew of any of the Asserted Patents. *Bayer*, 989 F.3d at 988 ("Knowledge of the asserted patent … is *necessary*, *but not sufficient*, for a finding of willfulness."). ParkerVision's communications with Infineon are therefore insufficient as a matter of law to support its willfulness claim.

**C. The Skyworks Third-Party Marketing Document Does Not Establish That Intel Knew About The Asserted Patents, Let Alone Intended To Infringe Them.**

ParkerVision has identified only one document in Intel's production that even mentions an asserted patent—███████████████████████████████████████████████████
███████ That document includes █████████████████████ that lists two of the ParkerVision asserted patents (the '902 and '474 patents) among █████████████████████████████████
███████████████████████████████████████████████:



Ex. 2, Skyworks Pres. (96103DOC00099705) at -727.   ParkerVision has not, however,

identified any evidence that anyone at Intel read this ███████████ much less magnified

it to the degree necessary to read the references to those patents, or reviewed the two asserted

patents and their claims.  To the contrary, Intel's 30(b)(6) witness on knowledge of the asserted

patents, Ms. Pamela Hays, testified that ████████████████████████████████████████

████████████████████████████ Ex. 8, Hays Dep. at 73:15-74:5 ████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████ In short, no reasonable jury could

infer from this document that Intel had knowledge of the substance of the claims of the '902

and '474 patents, let alone an intent to infringe them.  *Bayer*, 989 F.3d at 988 ("Knowledge of

the asserted patent…is necessary, but not sufficient, for a finding of willfulness.  Rather,

willfulness requires **deliberate or intentional infringement**."); *see also Monolithic Power Sys.,*

*Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-cv-008876-ADA, 2021 WL

3931910, at *5 (W.D. Tex. Sept. 1, 2021) (holding that knowledge of the asserted patents does

not lead to plausible inference defendant also knew its conduct amounted to alleged

infringement).

     **D.**     **The ITC Subpoena Does Not Suffice To Establish Willfulness.**

ParkerVision also points to its 2016 subpoena to Intel as evidence that Intel knew of

one of the asserted patents that was also asserted in that Investigation—the '528 patent.  TAC

¶ 67.  That subpoena arose out of an ITC Investigation ParkerVision filed against Apple, among

others, and ParkerVision alleges that the subpoena and application for subpoena stated that

Intel's SMARTi5 infringes the '528 patent.  *Id.*  In response to that subpoena, Intel provided

access to the same SMARTi5 schematics and technical documents that have been produced in

this case.  ParkerVision asserts that the subpoena supports its willfulness claim.  TAC ¶¶ 67-

69.  ParkerVision fails to mention, however, that following Intel's production in response to

that subpoena, ParkerVision affirmatively stated ███████████████████████████████████

█████████████████████████████████████████ Specifically, in opposition to one of the

respondent's motions for summary determination, ParkerVision represented to the

Administrative Law Judge ████████████████████████████████████████████

████████████████████████████ Ex. 1, *In re Certain RF Capable Integrated Circuits and*

*Products Containing the Same*, Investigation No. 337-TA-982, Order No 14 (Aug. 4, 2016) at

6.  Accordingly, no reasonable jury could find that ParkerVision's 2016 subpoena to Intel supports a finding of willful infringement.  If anything, ParkerVision's representation to the Administrative Law Judge leads to the opposite conclusion—that even ParkerVision did not believe the SMARTi5 (the chip at issue in that investigation and one of the chips at issue here) infringed the '528 patent.[5]  Moreover, ███████████████████ does not demonstrate any intent to infringe, particularly in light of (1) the uncontradicted record showing that ███ ████████████████████████████████████ (Ex. 8, Hays Dep. at 95:4-96:25); and (2) ParkerVision's own representation █████████████████████████████████ ███████████████

### E.   The German Litigation Does Not Establish Willfulness.

Finally, ParkerVision points to its 2017 claim in Germany that one of the SMARTi products at issue in this case (the SMARTi5) infringes a ParkerVision European patent in support of its willfulness claim.  ParkerVision contends that the German case put Intel on "notice" of ParkerVision's U.S. patents, including the asserted '902 patent, and that ParkerVision alleges that SMARTi5 infringes related U.S. patents. TAC, ¶¶71-74.  According to ParkerVision, the European Patent ParkerVision asserted in Germany, EP 1135853 ("EP853") claims priority to ParkerVision U.S. Patents, including the asserted '902 patent and thus supports is willfulnes claim.  Ex. 3, PV Suppl. Resp. to Interrog. No. 19 (June 21, 2021) at 12-13.  But the German Court found in that action that SMARTi5 *does not infringe*. *See* Ex. 12, Munich Regional Court, 7 O 2141/17, Final Judgment (trans.) (Ger.) (Apr. 25, 2019)

---

[5] ParkerVision also tries to point to Intel's ████████████████████████████████ ██████████████████████████████████████████ is irrelevant to willfulness as a matter of law.  Fed. R. Evid. 411 ("Evidence that a person was or was not insured against liability is not admissible to prove whether the person acted negligently or otherwise wrongfully."); *see also Grant v. CRST Expedited, Inc.*, No. 1:18-cv-433, 2021 WL 2101741, at *11 (E.D. Tex. Apr. 7, 2021) (granting defendant's motion in limine where "admitting information regarding [defendant's] liability insurance coverage would be erroneous" under Fed. R. Evid. 411).

at 19 ("The attacked embodiments do not make use of the technical teaching of the patent in suit."). As a result, if anything, it confirms there could be no willful infringement.

### F. ParkerVision Has No Evidence That Intel Intended To Infringe Any Of The Asserted Patents.

A claim for willful infringement requires proof that the accused infringer intentionally infringed the asserted patents. *Eko Brands*, 946 F.3d at 1378 (under *Halo*, deliberate or intentional infringement is required). ParkerVision has not identified—and cannot identify— any evidence that anyone at Intel or Infineon intended to infringe any asserted patent. To the contrary, ParkerVision took multiple depositions of the engineers who designed the receiver circuits at issue and the unrefuted evidence is that none had ever seen any of the asserted patents. Ex. 9, Hull Dep. at 90:4-20, 91:8-14; Ex. 10, Klepser Dep. at 53:9-12; Ex. 11, Schelmbauer Dep. at 82:2-4, 272:7-17, 273:23-274:3.

ParkerVision took two 30(b)(6) witnesses on the design, structure, function, and operation of the receiver circuits at issue: Dr. Chris Hull and Dr. Ulrich Klepser. Dr. Hull testified



Ex. 9, Hull Dep. at 90:4-20. Dr. Hull also testified



*Id.* at 91:8-14.

Dr. Klepser testified



Ex. 10, Klepser Dep. at 53:9-12.  ParkerVision has shown no evidence to the contrary.

Moreover, the former Intel employee who designed the receiver circuits at issue—Dr. Werner Schelmbauer—testified ███████████████████████ Dr. Schelmbauer testified ███████████████ ███ —the specific configuration that ParkerVision accuses of infringing all of the asserted patents—in Intel's SMARTi transceivers:

Ex. 11, Schelmbauer Dep. at 272:7-17 (objections omitted).  ParkerVision did not cross-examine Dr. Schelmbauer on these points and has identified no evidence to the contrary.

Dr. Schelmbauer also testified unequivocally

Id. at 273:23-274:3 (objections omitted).

Id. at 82:2-4 (objections omitted).  Again, ParkerVision has shown no evidence to the contrary. On this record, no reasonable jury could find that the Intel engineers who worked on the receiver circuits-at-issue knew of or intended to infringe any asserted patent.

Intel has stated in an interrogatory response ███████████████████████

██████████████████████████████████████████████████████████

████████████ Ex. 13, Intel's Suppl. Resp. to Interrogs. Nos. 1-6 (Aug. 12, 2022) at 15.  Intel's

██████████████████████████████████████████████████████████

█████████████████████████ cannot save ParkerVision's claims for willful infringement.  It is

well settled that mere knowledge of patents that later became the subject of litigation is not

sufficient to support a claim for willful infringement.  *See, e.g.*, *Bayer*, 989 F.3d at 988

("Knowledge of the asserted patent…is necessary, but not sufficient, for a finding of

willfulness."); *Monolithic Power*, 2021 WL 3931910, at *5 (holding that knowledge of asserted

patents does not lead to plausible inference defendant also knew its conduct amounted to

alleged infringement); *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 777 (W.D. Tex. 2022);

*See Acceleron, LLC v. Dell Inc.*, No. 1:12-CV-4123-TCB, 2022 WL 1087683, at *5 (N.D. Ga.

Mar. 7, 2022) (finding no specific intent to infringe: "[Defendant's *knowledge of the asserted*

*patent and of [Plaintiff's] other lawsuits*, its decision to continue to manufacture and sell its

products without changes, and [Plaintiff's] allegations of infringement *were not enough* for a

reasonable jury to find that infringement was either known or so obvious that it should have

been known."); *Bench Walk Lighting LLC v. LG Innotek Co.*, 530 F. Supp. 3d 468, 492 (D.

Del. 2021) (finding insufficient a letter that did not identify most of the accused products or

explain how the defendant allegedly infringed), *report & recommendation adopted by* 530 F.

Supp. 3d 468, 477-78 (D. Del. 2021); *Teradyne, Inc. v. Astronics Test Systems, Inc.*, No. CV

20-2713-GW-SHKx, 2020 WL 8173024, at *3-5 (C.D. Cal. Nov. 6, 2020) (same); *Cellcontrol,*

*Inc. v. Mill Mountain Capital, LLC*, No. 7:21-cv-246, 2022 WL 598752, at *5 (W.D. Va. Feb.

28, 2022) (knowledge of patent insufficient).

ParkerVision has failed to prove anything beyond mere awareness of two of the asserted

patents, one of which (the '528 patent) ParkerVision later ██████████████████████

██████████████████████ Ex. 1, *In re Certain RF Capable Integrated Circuits*, Investigation No. 337-TA-982, Order No 14 (Aug. 4, 2016) at 6.  On this record, no reasonable jury could find that Intel willfully infringed any asserted patent.

## V.    CONCLUSION

Intel therefore respectfully requests summary judgment of no willful infringement.

Dated:  October 28, 2022

Respectfully submitted,

*/s/ J. Stephen Ravel*

Michael J. Summersgill (admitted *Pro Hac Vice*)
Sarah B. Petty (admitted *Pro Hac Vice*)
Harry Hanson (admitted *Pro Hac Vice*)
Marissa A. Lalli (admitted *Pro Hac Vice*)
Samuel C. Leifer (admitted *Pro Hac Vice*)
Alicia Coneys (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
60 State Street
Boston, Massachusetts 02109
T (617) 526-6000
michael.summersgill@wilmerhale.com
sarah.petty@wilmerhale.com
harry.hanson@wilmerhale.com
marissa.lalli@wilmerhale.com
samuel.leifer@wilmerhale.com
alicia.coneys@wilmerhale.com

Todd Zubler (admitted *Pro Hac Vice*)
Isley M. Gostin (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
T (202) 663-6636
todd.zubler@wilmerhale.com
isley.gostin@wilmerhale.com

Mary (Mindy) V. Sooter
WILMER CUTLER PICKERING HALE AND
DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202

J. Stephen Ravel
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
T (512) 495-6429
steve.ravel@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
T (254) 710-7670
james.wren@baylor.edu

*Attorneys for Defendant Intel Corporation*

T (720) 274-3135
mindy.sooter@wilmerhale.com

Jason F. Choy (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
T (213) 443-5300
jason.choy@wilmerhale.com

Harry J. Gillam, Jr.
GILLAM & SMITH, LLP
303 South Washington Ave.
Marshall, Texas 75670
T (903) 934-8450
F (903) 934-9257
gil@gillamsmithlaw.com

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that all counsel of record are being served with a copy of the

foregoing document via the Court's CM/ECF system on October 28, 2022.

*/s/ J. Stephen Ravel*
J. Stephen Ravel
