IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br> Plaintiff, <br><br> v. <br><br> INTEL CORPORATION, <br><br> Defendant. | Case No. 6:20-cv-00108-ADA <br><br> JURY TRIAL DEMANDED |

**PLAINTIFF PARKERVISION, INC.'S OPPOSITION TO
DEFENDANT INTEL CORPORATION'S MOTION FOR SUMMARY JUDGMENT
OF NONINFRINGMENT REGARDING U.S. PATENT NO. 7,539,474**

# TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................................ 1

APPLICABLE LAW .................................................................................................................... 2

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 3

I.   Intel's Evidence Contradicts its New Interpretation of the Word "Conductor." ..................... 3

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Celotex Corp. v. Catrett*,
    477 U.S. 317 (1986) ..................................................................................................................2

*Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*,
    669 F.2d 1026 (5th Cir. 1982) ...................................................................................................2

*Little v. Liquid Air Corp.*,
    37 F.3d 1069 (5th Cir. 1994) .....................................................................................................4

*Mobility Electronics Inc v. Formosa Electronic Industries Inc et al*,
    Case No.: 5-04-cv-00103, D.I. 204 (EDTX; Decided Feb 24, 2006) .........................................4

*Texas Instruments, et al v. Linear Technology*,
    Case No.: 2-01-cv-00003, D.I. No.: 133 (EDTX; Decided Apr. 3, 2002) .................................4

*Tolan v. Cotton*,
    134 S. Ct. 1861 (2014) ..............................................................................................................2

*Travanti Pharma Inc., v. Iomed, Inc.*,
    Case No.: 0-04-cv-02667, D.I. No. 56 (DMN; Decided Jan 11, 2006) .....................................4

**Other Authorities**

Fed. R. Civ. P. 56(a) .........................................................................................................................2

**INTRODUCTION**

Claim 1 of the '474 patent requires that a switch is coupled to a reference potential. The Court construed the term "coupled" to mean "directly connected or connected through a *conductor* (or a closed switch)." D.I. 75 at 4 (emphasis added). Through summary judgment, Intel effectively seeks for the Court to decide whether a circuit component – a resistor – ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ is a conductor. ParkerVision's expert opines that within the context of the claims as the Court construed them, a resistor is a conductor. Thus, there is a genuine dispute of material fact and Intel's motion should be denied.

Recognizing that it is untenable to argue that a resistor does not conduct, Intel does not dispute this issue. Instead, Intel pivots and attempts to narrow the Court's construction by reading-in new limitations -- which Intel never advocated for during claim construction. Intel now argues that when the Court used the word "conductor" in its construction it really meant "a circuit component that is designed to *enable* the *unimpeded* flow of electric current." *See,* Intel's Opening Brief for Non-Infringement at 5. (Emphasis in the original)(Hereinafter "D.I. 173".) Intel is essentially asking the Court to re-interpret its prior claim construction ruling in a way that would render the indirect connection portion of that construction – "connected through a conductor (or a closed switch)" – meaningless.

Nevertheless, the Court need not engage in Intel's belated word games at summary judgment. They have no merit. Notably, the dictionary Intel relies on to support its position defines a "conductor" as simply something that conducts current – "a medium suitable for the conduction of electrical … energy" *See* D.I. 173 at 5.n6 (*citing* Wiley Electrical Electronics Engineering Dictionary at definition no. 1.) As such, Intel's own dictionary citation contradicts its position and creates a genuine dispute over a material fact requiring the denial of their summary judgment motion.

1

**APPLICABLE LAW**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014). The burden of demonstrating that no genuine dispute of material fact exists lies with the party moving for summary judgment. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A court must view the movant's presented evidence and all factual inferences from such evidence in a light most favorable to the party opposing summary judgment. *Impossible Elecs. Techniques v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982).

**BACKGROUND**

Intel's non-infringement argument is directed to the bolded language from claim 1 of the U.S. Patent No. 7,539,474, (the "'474 patent") (below):

> wherein the first frequency down-conversion module comprises a first switch and a first storage element, wherein ***the first switch is coupled to the first storage element at a first node and coupled to a first reference potential***; and

> wherein the second frequency down-conversion module comprises a second switch and a second storage element, wherein the second switch is coupled to ***the second storage element at a second node and coupled to a second reference potential***.

D.I. 173 citing to D.I. 1-4.

During claim construction, Intel attempted to improperly limit the term "coupled" to a *direct* connection. See D.I. 53 at 24-29 (Arguing that the claim term "the [] switch is coupled to the [] storage element at a [] node and coupled to a [] reference potential" should be construed as "the switch receives current from a storage element via a node, and shunts (*i.e.*, diverts) current to a point held at a constant reference voltage"). In its claim construction ruling, the Court rejected Intel's construction and construed "coupled" as having a plain and ordinary meaning of "directly connected or connected through a *conductor* (or a closed switch)." D.I. 75 at 4.

2

**ARGUMENT**

I.      **Intel's Evidence Contradicts its New Interpretation of the Word "Conductor."**

Intel argues that ████████████████████████████████████████ ███████████████████████████. D.I. 173 at 1. In particular, Intel asserts that because █ ████████████████████████████████████████████████████████ ████████████████████████████████████████████████████████ ParkerVision's expert, Dr. Steer, disagrees. Indeed, Intel's argument is facially incongruent with the Court's construction, which provides that plain and ordinary term "coupled" includes both direct connections and *indirect* connections (through a conductor). D.I. 75 at 4.

Intel cites to Dr. Steer's deposition testimony as purportedly foreclosing any possible overlap between the words "resistor" and "conductor". D.I. 173 at p. 5.n6. But the very testimony that Intel cites from Dr. Steer states that a conductor is simply "something that conducts current." *See* D.I. 173 at p. 5 (citing Dr. Steer's October 17, 2022, deposition at 167:19-168:1). Notably, even Intel does not have the temerity to advance the fallacious position that a resistor does not conduct current.

Though the Court does not have to go any further in its analysis, the record here is replete with additional evidence that shows that Intel has not, and cannot, establish the absence of a genuine dispute. For example, In Dr. Steer's opening report he explains that "[w]hen a constant voltage V is placed across the resistor, the potential on one side of the resistor is higher than the potential on the other side and <u>there will be a constant current I through the resistor</u>." Exhibit A, Steer Opening Report at ¶104. (emphasis added.). Therefore, there is record evidence establishing that a resistor is "something that conducts a current" and, therefore, is a "conductor"

3

as Dr. Steer discusses. *See Id.*; D.I. 173 at p. 5 (citing Dr. Steer's October 17, 2022, deposition at 167:19-168:1).[1]

Intel halfheartedly implies that because a resistors "introduce[] resistance into a circuit," resistors somehow stop being conductors. This is also contradicted by the same testimony from Dr. Steer that Intel cites. *Id.* Specifically, Dr. Steer testified that a conductor "is a resistance" that is "generally" but "*not necessarily* a low resistance." *See Id.* (emphasis added.)

Intel's argument that a resistor is incompatible with the claimed conductor is also contradicted by the very dictionary Intel cites in support of its motion. While Intel cites one of the definitions of "conductor" in Wiley Electrical and Electronics Engineering Dictionary for the proposition that a conductor is "[a] medium which allows electric current to flow easily," Intel ignores a second definition from the same dictionary that a "conductor" is simply "[a] medium suitable for the conduction of electrical … energy." *See* D.I. 173 at 5.n6. It is respectfully submitted that where, as here, a summary judgment movant's own citations establish a genuine dispute of material fact, the motion should be denied for failure to meet its *prima facie* burden to show the absence of a dispute of material facts. *See e.g., Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (Where the party moving for summary judgment fails its initial burden to

---

[1] In the context of a summary judgment motion, Dr. Steer's using the plain and uncontroversial definition of a "conductor" as "something that conducts a current" is independently sufficient to establish that a genuine dispute of material facts exists. Indeed, other District Courts have construed "conductor" consistently with Dr. Steer's testimony in this case. *See e.g., Texas Instruments, et al v. Linear Technology*, Case No.: 2-01-cv-00003, D.I. No.: 133 at p. 17 (EDTX; Decided Apr. 3, 2002)(construing "conductor" as "a wire or other material available for carrying a current or transmitting voltage"); *Travanti Pharma Inc., v. Iomed, Inc.,* Case No.: 0-04-cv-02667, D.I. No. 56 at pp. 9-10 (DMN; Decided Jan 11, 2006)(construing "conductor" as "one or more conducting media"); *Mobility Electronics Inc v. Formosa Electronic Industries Inc et al*, Case No.: 5-04-cv-00103, D.I. 204 at 24 (EDTX; Decided Feb 24, 2006) (construing "conductor" as "a wire, cable or other body or medium that is suitable for carrying electric current").

demonstrate the absence of a genuine dispute of material fact "the motion must be denied, regardless of the nonmovant's response.").

Since they were unable to establish the absence of a genuine dispute through Dr. Steer's testimony, or even their own hand-picked dictionary entries, Intel resorts to a fallback argument based on their own expert's erroneous opinion. But this is irrelevant because where experts disagree, there exists a genuine dispute of material fact. Intel inaccurately argues that "because it is [allegedly] undisputed that virtually all circuit components allow some current to flow…ParkerVision's argument would mean that virtually all circuit components would constitute conductors and that all of the components of a circuit would be connected through conductors thus rendering the 'connected through a conductor' claim requirement completely meaningless." D.I. 174 at p. 6. As an initial matter even if it were true, which it isn't, that "*virtually* all" circuit components allowed some current to flow through them, that would not render the court's construction "*completely* meaningless." But, putting Intel's hyperbole aside, there are circuit components that do not allow current flow, *e.g.*, insulators and open switches.

If Intel wants to present its litigation theory that even though its resistors conduct an electrical current, they somehow aren't "conductors," they are free to do so to the jury. But, in view of the foregoing, summary judgment of non-infringement should be denied.

Dated: November 15, 2022

OF COUNSEL:

Ronald M. Daignault (pro hac vice)*
Chandran B. Iyer (pro hac vice)
Jason S. Charkow (pro hac vice)*
Stephanie R. Mandir (pro hac vice)
Zachary H. Ellis (Texas Bar No. 24122606)*
Shailendra Maheshwari (pro hac vice)*
Christian E. Samay (pro hac vice)*
Scott R. Samay (pro hac vice)*
Oded Burger (pro hac vice forthcoming)*

DAIGNAULT IYER LLP
rdaignault@daignaultiyer.com
cbiyer@daignaultiyer.com
jcharkow@daignaultiyer.com
smandir@daignaultiyer.com
zellis@daignaultiyer.com
smaheshwari@daignaultiyer.com
csamay@daignaultiyer.com
ssamay@daignaultiyer.com
oburger@daignaultiyer.com
8618 Westwood Center Drive, Suite 150
Vienna, Virginia 22182
*Not Admitted in Virginia

Respectfully submitted,

THE MORT LAW FIRM, PLLC

/s/Raymond W. Mort, III
Raymond W. Mort, III
Texas State Bar No. 00791308
raymort@austinlaw.com
501 Congress Avenue, Suite 150
Austin, Texas 78701
Tel/Fax: 512-865-7950

*Attorneys for Plaintiff ParkerVision, Inc.*

6