**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| PARKERVISION, INC.<br><br>                        Plaintiff,<br><br>  vs.<br><br>INTEL CORPORATION<br><br>                        Defendant. | C.A. No. 6:20-cv-108-ADA<br><br>**JURY TRIAL DEMANDED**<br><br>PUBLIC VERSION |

**DEFENDANT INTEL CORPORATION'S SEALED REPLY IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT OF NONINFRINGEMENT REGARDING U.S. PATENT NO. 7,539,474**

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Doe ex rel. Doe v. Dallas Indep. School Dist.*,
   220 F.3d 380 (5th Cir. 2000) ................................................................................................ 3

*Mobility Elecs. Inc. v. Formosa Elec. Indus.*,
   2006 WL 6112208 (E.D. Tex. Feb. 24, 2006) ...................................................................... 1

*Texas Instruments, Inc. v. Linear Tech. Corp.*,
   2002 WL 34455166 (E.D. Tex. Apr. 3, 2002) ...................................................................... 1

*Travanti Pharma Inc. v. Iomed, Inc.*,
   2006 WL 83126 (D. Minn. Jan. 11, 2006) ............................................................................ 1

ParkerVision's responsive argument boils down to a single assertion: that two circuit components with opposite functions—conductors and resistors—are the same. Dkt. 208 ("Resp."). But the undisputed facts show that is not the case.

*First*, ParkerVision ignores that its own expert has admitted that conductors and resistors are not the same. ParkerVision's expert, Dr. Michael Steer, acknowledges that conductors are designed to (1) enable the flow of (i.e., "*conduct*") current, and (2) "generally … ha[ve] a *low resistance*." Dkt. 173-8, Steer Dep. at 167:19-168:1.[1] By contrast, he acknowledges that resistors are designed to do the exact opposite: to (1) "*reduce* current flow," and (2) "*introduce resistance*." Dkt. 173-9, Steer Op. Rpt., ¶¶102-03.[2]

ParkerVision notes that Dr. Steer testified that a conductor may not "necessarily" have a low resistance, but that does not change the fact that he clearly stated that conductors "generally … ha[ve] a low resistance," preferably close to "*zero*." Dkt. 173-8, Steer Dep. at 167:19-168:1. In fact, in his own textbook, Dr. Steer affirmatively states that "conductivity" (the function of a conductor) is the "*inverse* of resistivity" (the function of a resistor). Dkt. 173-12, Michael Steer, *Microware and RF Design: A Systems Approach* (2010), at 842; *see also* Ex. 1, Steer Op. Rpt., ¶258 ("I note that conductance (the ease with which an electric current passes) is the reciprocal of resistance (opposition to the flow of electric current).").[3] In

---

[1] Emphases are added, unless otherwise noted.
[2] The cases ParkerVision cites do not change this, and none of them describe a resistor as a conductor. *See Texas Instruments, Inc. v. Linear Tech. Corp.*, 2002 WL 34455166, at *10 (E.D. Tex. Apr. 3, 2002) (construing "conductor" as "*a wire* or other material available for carrying a current or transmitting voltage"); *Travanti Pharma Inc. v. Iomed, Inc.*, 2006 WL 83126, at *5 (D. Minn. Jan. 11, 2006) (construing "conductor" as "one or more conducting media"); *Mobility Elecs. Inc. v. Formosa Elec. Indus.*, 2006 WL 6112208, at *16 (E.D. Tex. Feb. 24, 2006) (construing "conductor" as "*a wire, cable* or other body or medium that is *suitable* for carrying electric current"). Two of ParkerVision's cited cases even explicitly define a conductor as a wire, which has a very low resistance and is intended to allow current to easily flow. Notably, the Court's construction requires the relevant connection be made directly or "through a conductor (*or closed switch*)." Dkt. 75, Claim Construction Order, at 4. A closed switch functions in the same way as a wire.
[3] All exhibits are attached to the Declaration of Harry Hanson, filed concurrently herewith.

other words, Dr. Steer has acknowledged that the function of conductors is the *opposite* (i.e., the "inverse") of resistors.

Consistent with this distinction, the '474 patent uses straight lines to show conductors connecting components but uses a zigzag resistor symbol whenever referring to a resistor:



Dkt. 1-4, '474 Patent, Fig. 51B (annotated).



*Id.*, Fig. 20G (annotated). If ParkerVision were correct that the asserted patent treated these two types of components as the same, Resp. at 3-4, then there would be no need to illustrate them differently. ParkerVision cannot create a factual dispute by disagreeing with its own

expert and the asserted patent.  *See Doe ex rel. Doe v. Dallas Indep. School Dist.*, 220 F.3d 380, 386 (5th Cir. 2000) ("[A] nonmoving party may not manufacture a dispute of fact merely to defeat a motion for summary judgment.").

*Second*, ParkerVision's argument would render the term "conductor" effectively meaningless.  The Court's construction does not require just any connection; instead, the switch must either be connected to the alleged reference potential directly or through a specific circuit element—i.e., a "conductor" or a "closed switch."  Dkt. 75, Claim Construction Order, at 4.  ParkerVision argues that because a resistor (like nearly every other circuit component) allows at least some minimal amount of current to flow, a resistor is a "conductor" within the meaning of the Court's construction.  Resp. at 3-4.  But under that argument, virtually all circuit components, most of which indisputably allow at least some level of current to flow, would constitute conductors and the requirement of a connection through a "conductor" would become effectively no limitation at all.

There is no dispute that conductors have some resistance and resistors have some conductivity.  But as ParkerVision's own expert explains in his textbook, that does not make them the same.  Instead, they are opposites: "[e]lectrical ***conductivity is the inverse of resistivity***."  Dkt. 173-12, Michael Steer, *Microware and RF Design: A Systems Approach* (2010), at 842.  The Court's construction requires a conductor and ParkerVision cannot meet that requirement by pointing to a circuit element with the opposite function.

*Third*, ParkerVision argues that by describing a "conductor" as a circuit component designed to enable the flow of current, Intel is somehow "attempt[ing] to ***narrow*** the Court's construction" of "coupled."  Resp. at 1.  But it is ParkerVision who is attempting to alter the Court's construction by significantly ***broadening*** it to include literally any circuit connection without "insulators."  *Id.* at 5.  In other words, under ParkerVision's interpretation, the Court's construction would include indirectly connecting a switch and a reference potential via

virtually any circuit component with ***any level*** of ***conductivity***, aligned in ***any conceivable configuration***, so long as no components are "insulators." But for the reasons detailed above and in Intel's opening brief, such an interpretation would be inconsistent with the undisputed meaning of this term in the asserted patents and Dr. Steer's own statements and writings.

For the foregoing reasons, Intel's motion should be granted.

Dated:  November 22, 2022 

Respectfully submitted,

/s/ J. Stephen Ravel

Michael J. Summersgill (admitted *Pro Hac Vice*)
Sarah B. Petty (admitted *Pro Hac Vice*)
Harry Hanson (admitted *Pro Hac Vice*)
Samuel C. Leifer (admitted *Pro Hac Vice*)
Alicia Coneys (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
60 State Street
Boston, Massachusetts 02109
T (617) 526-6000
michael.summersgill@wilmerhale.com
sarah.petty@wilmerhale.com
harry.hanson@wilmerhale.com
samuel.leifer@wilmerhale.com
alicia.coneys@wilmerhale.com

Todd Zubler (admitted *Pro Hac Vice*)
Isley M. Gostin (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1875 Pennsylvania Avenue NW
Washington, DC 20006
T (202) 663-6636
todd.zubler@wilmerhale.com
isley.gostin@wilmerhale.com

Mary (Mindy) V. Sooter (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
1225 17th Street, Suite 2600
Denver, CO 80202
T (720) 274-3135
mindy.sooter@wilmerhale.com

Jason F. Choy (admitted *Pro Hac Vice*)
WILMER CUTLER PICKERING HALE AND DORR LLP
350 South Grand Avenue, Suite 2400
Los Angeles, California 90071
T (213) 443-5300
jason.choy@wilmerhale.com

J. Stephen Ravel
KELLY HART & HALLMAN LLP
303 Colorado, Suite 2000
Austin, Texas 78701
T (512) 495-6429
steve.ravel@kellyhart.com

James E. Wren
Texas State Bar No. 22018200
1 Bear Place, Unit 97288
Waco, Texas 76798
T (254) 710-7670
james.wren@baylor.edu

*Attorneys for Defendant Intel Corporation*

5

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing sealed documents via electronic mail on November 22, 2022.

*/s/ J. Stephen Ravel*
J. Stephen Ravel
