UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| PARKERVISION, INC., <br><br>              Plaintiff, <br><br> vs. <br><br> INTEL CORPORATION, <br><br>              Defendant. | Civil Action No. 6:20-cv-00108-ADA <br><br> **JURY TRIAL DEMANDED** |

**DEFENDANT INTEL CORPORATION'S FEBRUARY 6, 2023 SUBMISSION REGARDING OBJECTIONS AND ISSUES TO RAISE WITH THE COURT[1]**

---

[1] Intel reserves all objections made to PV's disclosures even if not raised in this submission.

**1. ParkerVision's Proposals Regarding Deposition Designations And Deposition Designation Disclosures Are Unworkable And Deficient.**

Intel writes regarding three issues concerning the parties' deposition designations.

***First***, consistent with Intel's understanding of the Court's typical practice, Intel has proposed that, if either side plays deposition testimony from a particular witness, all deposition testimony from that witness should be played at the same time. *See VLSI Tech. LLC v. Intel Corp.*, No. 21-cv-299, Apr. 25, 2022 Trial Tr. at 223:1-21 (THE COURT: "*I would prefer it all be at one time*. On the other hand, [the defendant] may not decide to put on any evidence so I've stopped compelling the defendant to do their depositions unless they choose to. ***But if you do want to put it on the same time, if that's the question, I would prefer to hear it at the same time***.").[2] ParkerVision, on the other hand, intends to play only its affirmative designations and Intel's counter-designations in ParkerVision's case-in-chief (and exclude Intel's affirmative designations on the same witnesses). Intel's proposal is more respectful of the Court, the jurors', and the parties' time, as it avoids replaying the same or closely related testimony from the same witness more than once. ParkerVision's proposal—to play testimony from the same witness at two different times during the trial—would result in significant duplication and inefficiencies.

***Second***, also consistent with Intel's understanding of the Court's typical practice, Intel has proposed that, "[f]or any deposition testimony played or read during either party's case-in-chief, all deposition designations and counter-designations from that witness will be played or read together ***in chronological order***." Dkt. 258, ¶75. ParkerVision rejected that proposal, instead arguing that testimony should be organized "by subject matter." *Id.* at 12 n.3. But ParkerVision failed to disclose how it would categorize the testimony or the order of such categories. Intel's proposal to organize testimony chronologically will help the jury understand the testimony and minimize disputes about the categorization of the testimony.

***Third***, the deposition videos and clip reports that ParkerVision served on Intel are deficient. Specifically, where ParkerVision has an outstanding objection to testimony counter-designated by Intel, ParkerVision simply omitted that testimony from the video and clip report.[3] Intel respectfully requests that ParkerVision not be permitted to present incomplete deposition videos to the jury.

---

[2] Emphases added, unless otherwise noted.
[3] Klepser Dep. at 266:25-267:05, 267:09-267:10, 267:12-267:23, 268:02-268:07, 268:11-268:21; Cook Dep. at 58:04-58:07, 59:08-59:12, 144:21-144:24, 145:02-145:03, 151:06-151:08, 151:19-151:21, 153:20-153:22, 153:25-153:25.

| | |
|---|---|
| Dated: February 6, 2023 | Respectfully submitted, |
| | /s/ J. Stephen Ravel |
| Michael J. Summersgill (admitted *Pro Hac Vice*)<br>Sarah B. Petty (admitted *Pro Hac Vice*)<br>Harry Hanson (admitted *Pro Hac Vice*)<br>Marissa A. Lalli (admitted *Pro Hac Vice*)<br>Samuel C. Leifer (admitted *Pro Hac Vice*)<br>Alicia Coneys (admitted *Pro Hac Vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>60 State Street<br>Boston, Massachusetts 02109<br>T (617) 526-6000<br>michael.summersgill@wilmerhale.com<br>sarah.petty@wilmerhale.com<br>marissa.lalli@wilmerhale.com<br>harry.hanson@wilmerhale.com<br>samuel.leifer@wilmerhale.com<br>alicia.coneys@wilmerhale.com<br><br>Todd Zubler (admitted *Pro Hac Vice*)<br>Isley M. Gostin (admitted *Pro Hac Vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1875 Pennsylvania Avenue NW<br>Washington, DC 20006<br>T (202) 663-6636<br>todd.zubler@wilmerhale.com<br>isley.gostin@wilmerhale.com<br><br>Mary (Mindy) V. Sooter (admitted *Pro Hac Vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP<br>1225 17th Street, Suite 2600<br>Denver, CO 80202<br>T (720) 274-3135<br>mindy.sooter@wilmerhale.com<br><br>Robert J. Gunther Jr. (admitted *Pro Hac Vice*)<br>WILMER CUTLER PICKERING HALE AND DORR LLP | J. Stephen Ravel<br>KELLY HART & HALLMAN LLP<br>303 Colorado, Suite 2000<br>Austin, Texas 78701<br>T (512) 495-6429<br>steve.ravel@kellyhart.com<br><br>James E. Wren<br>Texas State Bar No. 22018200<br>1 Bear Place, Unit 97288<br>Waco, Texas 76798<br>T (254) 710-7670<br>james.wren@baylor.edu<br><br>Harry L. Gillam, Jr.<br>Texas State Bar No. 07921800<br>GILLAM & SMITH, L.L.P.<br>303 South Washington Avenue<br>Marshall, Texas 75670<br>Tel.: (903) 934-8450<br>Fax: (903) 934-9257<br>gil@gillamsmithlaw.com<br><br>*Attorneys for Defendant Intel Corporation* |

2

7 World Trade Center  
250 Greenwich Street  
New York, NY 10007  
T (212) 230-8800  
robert.gunther@wilmerhale.com

Jason F. Choy (admitted *Pro Hac Vice*)  
WILMER CUTLER PICKERING HALE AND DORR LLP  
350 South Grand Avenue, Suite 2400  
Los Angeles, California 90071  
T (213) 443-5300  
jason.choy@wilmerhale.com

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record are being served with a copy of the foregoing document via the Court's CM/ECF system on February 6, 2023.

                                                                              */s/ J. Stephen Ravel*  
                                                                              J. Stephen Ravel